UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clarinda Color LLC,

Plaintiff,

v.

BW Acquisition Corporation, et al.,

Defendants.

Civil No. 00-722 JMR/FLN

**REPORT AND RECOMMENDATION**

---

Neal Levin for Plaintiff.
Michael Chase for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 19, 2003. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). Judge Rosenbaum has asked us to issue a Report and Recommendation on whether or not the Court has continuing subject matter jurisdiction over this case under Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994) and Peacock v. Thomas, 516 U.S. 349 (1996) [#97]. For the reasons which follow, we conclude that the Court has subject matter jurisdiction over some of the Plaintiff's claims, but is without subject matter jurisdiction for other claims.

## I. FACTUAL BACKGROUND

Clarinda Color filed a Complaint against BW Acquisition Corporation and Brian Nelson as an individual, for breach of a Sale of Assets Agreement and Account Receivable Servicing Agreement on March 22, 2000 [#1]. A jury trial was held on April 23 and 24, 2001. Judgment was entered in favor of Clarinda against BW Acquisition Corp. on May 2, 2001 in the amount of

FILED FEB - 5 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

$401,872.82. [#41]. However, judgment was entered against Clarinda and in favor of individual Defendant Brian Nelson. To date Clarinda's efforts to execute judgment against BW Acquisition have been unsuccessful.

During post-judgment discovery in this case, Clarinda learned of several transfers of property that it contends were done fraudulently to frustrate Clarinda's ability to collect the judgment. Clarinda alleges that BW Acquisition sold all of its assets to Wulf Management Corporation and Great Graphx.com and that Wulf and Great Graphx were formed solely for the purposes of receiving and concealing the assets being transferred by BW Aquisition Corporation. In a series of post-judgment motions, Clarinda sought to void the alleged fraudulent transfers and to impose liability on the original individual Defendant, Brian Nelson, as well as the new third-party corporations and another individual, Mark Nelson. Clarinda filed an Amended Petition to Avoid Fraudulent Transfers and Enforce Constructive Trust [#83] and the Defendants answered that Petition [#80], (although paradoxically the docket in this case shows that the Answer was filed before the date of the Amended Petition). The Amended Petition contains claims for fraudulent transfers under the Uniform Fraudulent Transfer Act (UFTA) and to pierce the corporate veil of Wulf and Great Graphx to reach the individuals Brian Nelson and Mark Nelson.

Clarinda then moved for summary judgment on the Amended Petition [#91]. At the summary judgment hearing, Chief Judge Rosenbaum *sua sponte* raised the issue of whether or not the Court has jurisdiction over Clarinda's Amended Petition in light of <u>Peacock</u>. Chief Judge Rosenbaum ordered the parties to brief the issue to the undersigned, and the parties submitted those briefs on November 10, 2003 [#100 and 101]. The undersigned held a hearing on the issue of subject-matter jurisdiction over the Amended Petition on December 19, 2003.

## II. LEGAL ANALYSIS

Federal Courts are courts of limited jurisdiction and they only possess that power which is authorized by the Constitution or statute. See Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). It is well settled that federal courts generally possess the power to protect their judgments by setting aside fraudulent conveyances of a judgment debtor. See Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 694-95 (1950). The basis for this rule is the principle that a federal court may assert authority over non-federal claims when necessary to give effect to the court's judgment. See Finley v. United States, 490 U.S. 545, 551 (1989). A federal court may exercise ancillary jurisdiction in subsequent proceedings through the exercise of a federal court's inherent power to enforce its judgments. See Peacock v. Thomas, 516 U.S. 349, 356 (1996).

There is a distinction, however, between post-judgment proceedings presenting a mode of execution to collect an existing judgment and proceedings raising a new substantive theory to establish liability on a party. In order for ancillary jurisdiction to be exercised in a supplementary proceeding to enforce a judgment, the person against whom the proceedings are brought, must be liable for the judgment. See id. Peacock held that absent an independent basis for federal jurisdiction, a new defendant may not be joined in a supplementary proceeding to pierce the corporate veil because the federal courts do not possess ancillary jurisdiction over claims where the judgment creditor is attempting to establish the liability for the original judgment on a new third party. See id. at 868-69. The Supreme Court held that federal courts did not have jurisdiction, ancillary to an underlying ERISA judgment, to hear a new lawsuit which attempted to impose liability on a third party, an individual who was absolved in the underlying case, for the amount of the judgment. See id. The Court in Peacock drew a distinction between imposing liability in the

new case, the situation in Peacock, and simply voiding fraudulent transfers in order to give effect to the court's judgment as in Swift. Similarly, in H.C. Cook Co. v. Beecher, 217 U.S. 497 (1910) the Court held that the federal court was without ancillary jurisdiction because the judgment creditor was seeking to make the defendants liable for the judgment already obtained. See id. at 498-99. In Beecher, the plaintiff obtained a judgment against a corporation for patent infringement. The plaintiff was unable to collect the judgment and it then sued the individual directors of the defendant corporation alleging that during the original suit, the directors permitted the corporation to become insolvent. The Court determined that there was no ancillary jurisdiction for the suit seeking to establish liability on the individual directors. While the federal courts have ancillary jurisdiction to enforce their judgments, this jurisdiction does not extend to a proceeding to establish liability on the part of a party not bound by the original judgment or a proceeding in which a new theory of liability is asserted. See also U.S.I. Properties Corp. v. M.D. Constr. Co., 230 F.3d 489 (1st Cir. 2000) (federal court is without ancillary jurisdiction to consider claims under an alter-ego theory or piercing the corporate veil are substantive theories seeking to establish liability on the part of a party not otherwise liable); Sandlin v. Corp. Interiors Inc., 972 F.2d 1212 (10th Cir. 1992) (federal court was without subject matter jurisdiction in post-judgment proceedings for claims against third parties based on alter-ego theory or successor corporation tort claims; where post-judgment proceedings seek to hold parties liable for a judgment on a theory that requires proof of facts and theories significantly different than those in the underlying judgment the court does not have ancillary jurisdiction).

Ancillary jurisdiction may be exercised over a proceeding to enforce a proper judgment by setting aside a fraudulent conveyance by the judgment debtor, even when new third parties are

involved. See Thomas, Head & Griesen Employees Trust v. Buster, 95 F.3d 1449, 1454 (9th Cir. 1996). If the judgment creditor is not trying to establish the new parties' liability for the original judgment but is only seeking disgorgement from alleged fraudulent transferees, Peacock is inapposite. See id. The fact that the joinder of the third parties and some of the transfers took place after the judgment is not an issue in whether the court has jurisdiction to effectuate its judgment by recapturing the original judgment debtor's fraudulent conveyances. See id. When the judgment creditor is not seeking to impose new liability, then Dewey v. West Fairmont Gas Coal Co., 123 U.S. 329, 333 (1887) applies, not Peacock. See id. The Supreme Court held in Dewey that federal district courts possess ancillary jurisdiction over a fraudulent conveyance action against the transferee of the judgment debtor's assets, even when the transferee was not originally a party to the suit. See Dewey, 123 U.S. at 333.

The issue in the instant case is whether Clarinda's claims in the Amended Petition are modes of executing the judgment or whether Clarinda is seeking to establish liability on new parties. Fed. R. Civ. P. 69 permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits. The Supreme Court has approved the use of ancillary jurisdiction over numerous proceedings to assist in the enforcement of federal judgments. See e.g. Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825 (1988) (garnishment); Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684 (1950) (attachment of property); Dewey, 123 U.S. at 329 (voidance of fraudulent transfers); Labette County Comm'rs v. United States, 112 U.S. 217 (1884) (mandamus to compel public officials in the official capacity to levy tax to enforce judgment against township). Neither the Supreme Court nor the Eighth Circuit have addressed whether or not a federal court's ancillary jurisdiction extended to

claims seeking to void fraudulent conveyances under the Uniform Fraudulent Transfer Act (UFTA). However, the two courts which have addressed the issue have concluded that a federal court does possess ancillary enforcement jurisdiction over claims under the UFTA. In Epperson v. Entm't Express, Inc., 242 F.3d 100, 103 (2d Cir. 2001) the court held that a claim of fraudulent conveyance under the UFTA was simply a mechanism for collecting a judgment under Connecticut law and not a substantive theory seeking to establish liability on the part of a new party not otherwise liable. The UFTA did not permit a party to impose liability for the underlying judgment on the transferee of a fraudulent conveyance but rather was limited to avoidance of transfer, attachment, or injunctive relief. The Second Circuit concluded that claims for fraudulent conveyance under the UFTA were within the court's enforcement jurisdiction. See id. Similarly, in SEC v. Antar, 120 F. Supp.2d 431 (D.N.J. 2000) the court determined that actions for fraudulent conveyance under the UFTA were within the federal court's broad ancillary enforcement power. The court determined that the SEC was not seeking to establish personal liability on the new parties for the judgment, rather the SEC was only trying to reach the assets belonging to the judgment debtor found in the hands of the third parties. Ultimately, the court held that the SEC's claims seeking disgorgement of the property wrongfully transferred to third parties under the UFTA were within the court's ancillary jurisdiction. See id. at 432.

In this case, the Amended Petition contains eight counts. Counts I and II allege fraudulent transfer under the UFTA against Wulf Management. Count III seeks to establish a constructive trust against Wulf for the money transferred from BW Acquisition Corp. to Wulf. Count IV seeks to pierce Wulf's corporate veil and hold Brain Nelson and Mark Nelson liable for the fraudulent transfer of the assets. Counts V and VI allege fraudulent transfers under the UFTA against Great

Graphx. Count VII seeks a constructive trust against Great Graphx. Finally, Count VIII attempts to pierce the veil of Great Graphx against Brian and Mark Nelson.

We conclude that the Court does have subject matter jurisdiction over Clarinda's claims to the extent that Clarinda is seeking to avoid fraudulent transfers and to enforce the underlying judgment. Under the Minnesota UFTA, the remedies are limited to: avoidance of the transfer, attachment, an injunction, execution, or appointment of a receiver to take charge of the transferred asset. See Minn. Stat. § 513.47. These remedies are limited to modes of executing and enforcing the judgment and none of the remedies seek to establish new liability on a transferee. Under Epperson and Antar, these UFTA claims are within this Court's ancillary enforcement jurisdiction. Likewise, the claims seeking to establish constructive trusts against Wulf and Great Graphx are claims seeking to enforce the judgment, not to establish new liability on these parties. Peacock is not applicable to UFTA and constructive trust claims, because in these claims Clarinda is not seeking to establish new liability on Wulf and Great Graphx.[1] Instead, the cases such as Swift and Dewey control the UFTA claims because federal courts possess ancillary jurisdiction over fraudulent conveyance actions against the transferees of the judgment debtor's assets, even though Great

[1]Chief Judge Rosenbaum also asked us to consider whether the court was without subject matter jurisdiction under Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994). Kokkonen is also inapplicable to the instant situation. In Kokkonen, the original case was dismissed by the parties pursuant to a settlement and stipulation of dismissal with prejudice. See id. at 378. The judgment creditor sought enforcement of the settlement agreement, not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for the dismissal. The Court held that the federal district court was without ancillary jurisdiction because the enforcement of the settlement agreement was more than a continuation of the dismissed suit. The stipulation of dismissal did not contain the terms of the settlement agreement and the parties obligation to comply with the settlement agreement was not made part of the dismissal order. See id. at 378-81. The facts of Kokkonen are distinctly different from the instant case. Here there is no settlement to enforce nor a stipulation of dismissal for the court to consider.

Graphx was not originally a party to the suit. We conclude that to the extent Plaintiff seeks to levy execution on the transferred assets, avoid the transfer, attach the assets, or enjoin further disposition of the transferred assets, this Court does have subject matter jurisdiction over the Amended Petition Counts I-III and V-VII against Wulf Management and Great Graphx.

This Court is without jurisdiction, however, to the extent that Clarinda is seeking to establish new liabilities on the parties. Clarinda seeks to pierce the corporate veil of Wulf and Great Graphx to hold Brian and Mark Nelson personally liable for the fraudulent transfer of the assets. The claims against the individual directors and shareholders of the transferee corporations are exactly the type of claims that are outside of the federal court's ancillary jurisdiction in Peacock and Beecher. Peacock explicitly held that the federal courts did not have ancillary jurisdiction for such claims as veil piercing. See Peacock, 516 U.S. at 359. In Beecher, the plaintiffs obtained a judgment against a corporation and then tried to sue the individual directors of the corporation for bankrupting the company before the judgment could be satisfied. The Court held that the plaintiffs were not trying to enforce the judgment but rather, were trying to make the individual directors liable for the judgment already obtained. See Beecher, 217 U.S. at 498. A proceeding for veil piercing seeks to establish liability for the judgment on new parties. Clarinda is not merely following the wrongfully transferred money in an attempt to satisfy the original judgment, but instead in the veil piercing claims Clarinda wants to hold the individual directors liable for the fraudulent transfers. Clarinda was unsuccessful in their original suit against Brian Nelson. Clarinda cannot now use ancillary jurisdiction to sue Mr. Nelson again for the same judgment. This Court is without ancillary jurisdiction for Claims IV and VIII because these are not modes of executing the original judgment

but instead are new claims for liability.[2]

Likewise, in Counts I & II, Plaintiff seeks a "judgment against Wulf Management in the amount of $401,872.82", and in Counts V and VI Plaintiff seeks a "judgment against Great Graphx in the amount of $401,872,82." Without expressing any opinion on whether such relief is even available under the UFTA, the Court concludes that to the extent Plaintiff seeks to impose a new liability upon Wulf and Great Graphx (beyond, avoidance of the transfer, attachment of the assets, injunctive relief, and execution against the assets or their proceeds) it can do so only in a new action against those corporations.

## III. CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Court conclude it has continuing subject matter jurisdiction over this case [#97] as follows:

1. This Court **has subject matter jurisdiction over Counts I-III and V-VII** of the Amended Petition to Avoid Fraudulent Transfers and Enforce Constructive Trust [#83] to the extent Plaintiff seeks to avoid the transfers, attach the assets, enjoin further disposition of the assets, or to levy execution upon the assets or their proceeds; and

2. This Court **lacks subject matter jurisdiction over Counts IV and VIII and over Counts I; II; V; and VI** of the Amended Petition to the extent Plaintiff

[2] At the hearing on the issue of the Court's subject matter jurisdiction, Clarinda's counsel argued that interpreting the law as the Court now does would improperly require the Plaintiff to split its claims under the UFTA. Clarinda suggested that the law requires that all claims against all parties under the UFTA must be brought in one court at one time. The Court expresses no opinion on whether there would be any impropriety in maintaining separate parallel actions under the UFTA. Of course, there is nothing that would prevent Clarinda from asserting all of its claims in a single new action under the UFTA, either in state court, or in federal court, if the requirements of diversity jurisdiction exist. If it wishes to pursue the collection of the judgment by further proceedings in the instant case, however, the Court concludes its remedies are limited, as described above in the text, to its claims in Counts I-III and V-VII of the Amended Petition.

seeks the entry of a new judgment against any party. These counts should be dismissed without prejudice from the Amended Petition.

DATED: Feb. 5, 2004

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.