AO450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

Clarinda Color LLC

V.

BW Acquisition Corp, Beowulf Ltd., and Brian Nelson et al.

## JUDGMENT IN A CIVIL CASE

Case Number: 00-CV-722 JMR/FLN

9 **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

: **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:
1) The Magistrate's Report and Recommendation is adopted. 2) Counts IV and VIII of the Amended Petition are dismissed without prejudice. 3) Counts I, II, V and VI are dismissed to the extent plaintiff seeks to make Wulf and Great Graphx directly liable for the judgment against BWAC in excess of, or in addition to, their liability as fraudulent transferees. 4) Plaintiff's Motion to Amend the Prayer for Relief in its Summary Judgment Motion is granted. This amendment is deemed as amendment to the prayer for relief in the Amended Petition as well. 5) Plaintiff's Motion for Summary Judgment is granted. 6) The Court finds that the transfer of assets from BWAC to Wulf was fraudulent as to plaintiff, and hereby avoids the transfer. The transferred assets listed in Exhibit A to the Sale of Assets Agreement (P1. Ex. 14), or their equivalent value in cash, and further transfer of use is hereby enjoined. Minn. Stat. section 513.47 (a) (1) (2) (3). Plaintiff may levy execution on the assets transferred or their proceeds, whether in the hands of Wulf or Great Graphx, without further order of this Court. Minn. Stat. section 513.47(b). 7) Judgment is entered against Wulf in the amount of $401,872.82 as the first transferee of BWAC. Minn. Stat. section 513.48 (b) (1). Wulf is ordered to immediately disgorge the assets it received from BWAC, or their equivalent value in cash, to the extent needed to satisfy plaintiff's judgment against BWAC. 8) A constructive trust is imposed upon the assets of Wulf, wherever located, up to the value of the judgment, for the benefit of plaintiff, until the plaintiff's judgment against BWAC is satisfied. 9) Great Graphx and any subsequent transferees are ordered immediately to cease using the assets and to disgorge the assets received from Wulf, or their equivalent value in cash, to the extent needed to satisfy plaintiff's judgment against BWAC.

June 16, 2004
Date

RICHARD D. SLETTEN, CLERK

s/Jackie Mehl
(By) Jackie Mehl, Deputy Clerk