UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| CLARINDA COLOR LLC,<br><br>Plaintiff,<br>v.<br><br>BW ACQUISITION CORPORATION, BEOWULF LTD. and BRIAN NELSON,<br><br>Defendants.<br>v.<br><br>WULF MANAGEMENT CORPORATION, MARK NELSON and GREAT GRAPHX.COM, INC.,<br><br>Third-Party Respondents. | ) | Civil No. 00-722 JMR/FLN<br><br>Honorable James Rosenbaum<br>Chief U.S. District Court Judge<br><br>Honorable Franklin Noel<br>Magistrate Judge |

**EXHIBIT B TO PLAINTIFF'S RESPONSE TO DEFENDANTS' OFFER OF PROOF IN RELATION TO THE RULE TO SHOW CAUSE ISSUED BY THE COURT ON JUNE 14, 2004**

SCANNED
JUN 2 5 2004
U.S. DISTRICT COURT MPLS

# Michael B. Chase

Attorney at Law

(651) 225-8656

2102 U.S. Bank Center
101 East Fifth Street
St. Paul, Minnesota 55101
mikebchase@aol.com

Fax (651) 225-8709


## FACSIMILE COVER SHEET

SENDER FAX NUMBER: (651) 225-8709

OFFICE PHONE NUMBER: (651) 225-8656

DATE: June 21, 2004

TO: **Neal H. Levin, Esq.**

FAX NUMBER: 312-360-6573

FROM: **Michael B. Chase, Esq.**

TOTAL NUMBER OF PAGES SENT (Including this cover sheet): 9

PLEASE CONTACT OUR OFFICE IMMEDIATELY IF YOU DID NOT RECEIVE ALL OF THE PAGES INDICATED ABOVE. THANK YOU.

COMMENTS:

**Michael B. Chase**
Attorney at Law

(651) 225-8656
2102 U.S. Bank Center
101 East Fifth Street
St. Paul, Minnesota 55101
mikebchase@aol.com
Fax (651) 225-8709

June 21, 2004

The Honorable James M. Rosenbaum
Chief District Judge, District of Minnesota
U.S. District Court
15E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**VIA U.S. MAIL AND FACSIMILE**

Re: Clarinda Color LLC v. BW Acquisition Corporation, Beowulf Ltd. and Brian Nelson v. Wulf Management Corporation and Mark Nelson.
Civil Action No. 00-CV-722

Dear Judge Rosenbaum:

The Court ordered on June 14, 2004 that Defendants show cause why they should not be divested of legal title to the pre-press equipment originally transferred from BWAC. Defendants contend that this pre-press equipment is not available to satisfy the judgment because it is subject to a prior valid lien.

Based upon the Court's order at page 3 it is apparent the Court did not take into consideration the Affidavit of Brian Nelson submitted at the hearing on October 31, 2003 (enclosed). It introduced copies of the UCC-1 Financial statements filed by Highland Bank and ACRO perfecting their security interests on the equipment in question.

Since the pre-press equipment has been subject to security interests before and after any judgment against Defendants, it is not subject to execution and the Court should not divest Defendants of legal title to it, subject to ACRO's security interest.

Sincerely,

Michael B. Chase

MBC/amw
cc: Neal Levin (via facsimile and U.S. Mail)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

CLARINDA COLOR LLC,

Plaintiff,

v.

BW ACQUISITION CORPORATION, BEOWULF LTD., and BRIAN NELSON,

Defendants.

v.

WULF MANAGEMENT CORPORATION, MARK NELSON and GREAT GRAPHX.COM, INC.

Third-Party Respondents.

Civil Action No. 00-CV-722 JMR/FLN

**AFFIDAVIT OF BRIAN NELSON**

COUNTY OF RAMSEY )
)ss.
STATE OF MINNESOTA )

Brian Nelson, duly sworn under oath states and deposes as follows:

1. I am one of the defendants in the above referenced action.

2. Enclosed with my affidavit are true and correct copies of the U.C.C. 1 Financial Statements filed by Highland Bank and ACRO perfecting their security interests on all equipment and assets of BWAC and Wulf Management.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated: 10/31/2003

Brian Nelson

Subscribed and sworn to before me this 31st day of October, 2003.

Notary Public

TANIA L HARRIS
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

STATE OF MINNESOTA
UCC-1 FINANCING STATEMENT

This statement is presented for filing pursuant to Minnesota Uniform Commercial Code, Minnesota Statutes Chapter 336.9-402 (Type in Black Ink)

For Filing Office 20757901

98 OCT 13 AM 8:00
SEC. OF STATE
MINNESOTA

| | | |
|---|---|---|
| 1. Individual Debtor - Last Name | First Name | Middle I. |
| Social Security # | Mailing Address | |
| City | State | Zip Code |
| 2. Individual Debtor - Last Name | First Name | Middle I. |
| Social Security # | Mailing Address | |
| City | State | Zip Code |
| 3. Business Debtor - Name BW Acquisition Corporation | | |
| Fed. ID# 41-1919383 ✓ | Mailing Address 417 First Avenue North, Suite 300 | |
| City Minneapolis | State MN | Zip Code 55401 |

| | |
|---|---|
| 4. Secured Party - Name Highland Bank | 5. Assignee of Secured Party |
| Mailing Address 2100 Ford Parkway | Mailing Address |
| City State Zip Code St. Paul, MN 55116 | City State Zip Code |

6. This financing statement covers the following types of items of property. (If crops are covered describe the real estate and list the name of record owner).

See Exhibit "A" attached hereto and made a part hereof.

SEE OVERSIZED FILE

573532

___ Debtor is a transmitting utility as defined by Minnesota Statutes Chapter 336.9-105

RETURN ACKNOWLEDGEMENT COPY TO: (name and address)

David C. Anastasi
Anastasi & Associates, P.A.
6120 Osgood Avenue North
Stillwater, MN 55082

Do Not Type Outside Area

BW Acquisition Corporation
Debtor's Signature
Required Most Cases see instructions
[signature]
Debtor's Signature
226 3921
Secured Party's Signature

20757501

98 OCT 13 AM 8:00
SEC. OF STATE
MINNESOTA

**EXHIBIT "A"**

Exhibit "A" attached to Financing Statement dated October 9, 1998

Debtor: BW Acquisition Corporation
417 First Avenue North, Suite 300
Minneapolis, MN 55401

Secured Party: Highland Bank
2100 Ford Parkway
St. Paul, MN 55116

This Financing Statement covers the following types or items of property:

X (a) All inventory of Debtor, whether now owned or hereafter acquired and wherever located;

X (b) All equipment of Debtor, whether now owned or hereafter acquired, including but not limited to all present and future machinery, vehicles, furniture, fixtures, manufacturing equipment, shop equipment, office and record keeping equipment, parts and tools, and the goods described in any equipment schedule or list herewith or hereafter furnished to Secured Party by Debtor (but no such schedule or list need be furnished in order for the Security Interest granted herein to be valid as to all of Debtor's equipment);

X (c) Each and every right of Debtor to the payment of money, whether such right to payment now exists or hereafter arises, whether such right to payment arises out of a sale, lease or other disposition of goods or other property by Debtor, out of a rendering of services by Debtor, out of a loan by Debtor, out of the overpayment of taxes or other liabilities of Debtor, or otherwise arises under any contract or agreement, whether such right to payment is or is not already earned by performance, and howsoever such right to payment may be evidenced, together with all other rights and interests (including all liens and security interests) which Debtor may at any time have by law or agreement against any account debtor or other obligor obligated to make any such payment or against any of the property of such account debtor or other obligor; all including, but not limited to, all present and future debt instruments, chattel papers, accounts, loans and obligations receivable and tax refunds;

X (d) All general intangibles of Debtor, whether now owned or hereafter acquired, including, but not limited to, applications for patents, patents, copyrights, trademarks, trade secrets, good will, trade names, customer lists, permits and franchises, and the right to use Debtor's name.

Regardless of which items are checked above, the Financing Statement also covers:

573532

2 pages

20757901

All substitutions and replacements for and products of any of the foregoing property not constituting consumer goods and proceeds of any and all of the foregoing property and, in the case of all tangible Collateral, together with all accessions, and, except in the case of consumer goods, together with (i) all accessories, attachments, parts, equipment and repairs now or hereafter attached or affixed to or used in connection with any such goods, and (ii) all warehouse receipts, bills of lading and other documents of title now or hereafter covering such goods.

30

Miller/Davis Company
2575 University Ave. West
St. Paul, MN 55114
800-752-4221

# STATE OF MINNESOTA
# UCC-1 FINANCING STATEMENT

For Use By Filing Officer Only 2251864

00 AUG 16 AM 9:03
SEC. OF STATE!
MINNESOTA

This statement is presented for filing pursuant to Minnesota Statutes Chapter 336 9-402
See Instructions on Page 4.

| | | |
|---|---|---|
| 1 Individual Debtor - Last Name | First Name | Middle I |
| Social Security # | Mailing Address | |
| City | State | Zip Code |
| 2. Individual Debtor - Last Name | First Name | Middle I. |
| Social Security # | Mailing Address | |
| City | State | Zip Code |

3 Business Debtor - Name
Wulf Management Corporation

| | | |
|---|---|---|
| Fed ID # 41-1980880 | Mailing Address 417 First Avenue North | |
| City Minneapolis | State MN | Zip Code 55401- |

| | | | | | |
|---|---|---|---|---|---|
| 4 Secured Party Name ACRO Business Finance Corp. | | | 5 Assignee of Secured Party | | |
| Mailing Address 4725 Olson Memorial Highway, Suite 201 | | | Mailing Address | | |
| City Minneapolis | State MN | Zip Code 55422- | City | State | Zip Code |

6. This financing statement covers the following types or items of property (If crops are covered describe the real estate and list the name of record owner of the real estate.)

See "Exhibit A" attached

___ Debtor is a transmitting utility as defined by Minnesota Statutes Chapter 336.9-105

RETURN ACKNOWLEDGEMENT COPY TO: (name and address)

ACRO Business Finance Corp.
4725 Olson Memorial Highway, Suite 201
Minneapolis, MN 55422

Please do not type outside the bracketed area

Wulf Management Corporation

Debtor's Signature
(Required in Most Cases see Instructions)

Debtor's Signature

Secured Party's Signature:

05930701 (Rev 1/94) Standard Form Approved by Secretary of State

2251864

EXHIBIT "A" TO UCC FINANCING STATEMENT

DEBTOR: WULF MANAGEMENT CORPORATION

SECURED PARTY: ACRO BUSINESS FINANCE CORP.

All of Debtor's right, title, and interest in and to the following property, whether now owned or existing or hereafter acquired or coming into existence, wherever now or hereafter located:

1 Accounts, including but not limited to all of Debtor's rights to payment for goods sold or leased or services performed by Debtor or any other person, whether now in existence or arising from time to time hereafter, including without limitation, rights evidenced by an account, note, contract right, security agreement, chattel paper, or other evidence of indebtedness or security, together with (i) all security pledged, assigned, hypothecated or granted to or held by Debtor to secure the foregoing, (ii) general intangibles arising out of Debtor's rights in any goods the sale of which gave rise thereto, (iii) all guaranties, endorsements and indemnifications on, or of, any of the foregoing, (iv) all powers of attorney for the execution of any evidence of indebtedness or security or other writing in connection therewith, (v) all books, records, ledger cards, print-outs and invoices relating thereto, (vi) all evidences of the filing of financing statements and other statements and the registration of other instruments in connection therewith and amendments thereto, notices to other creditors or secured parties, and certificates from filing or other registration offices, (vii) all credit information, reports and memoranda relating thereto, and (viii) all other writings related in any way to the foregoing, together with any and all rights and collateral security associated therewith;

2 Inventory;

3. Equipment, including but not limited to all present and future machinery, vehicles, furniture, fixtures, manufacturing equipment, shop equipment, office and record keeping equipment, parts, tools, supplies, all whether now owned or hereafter acquire, and wherever situated, together with all additions and accessions thereto, replacements therefor and all parts therefor, all substitutes for any of the foregoing and all manuals, drawings, instructions, warranties and rights with respect thereto;

4 General intangibles, including without limitation all choses in action, causes of action, and all other intangible personal property of the Debtor, including without limitation, corporate or other business records, inventions, designs, patents, patent applications, trademarks, service marks, trade names, trade secrets, goodwill, copyrights, registrations, licenses, franchises, customer lists, tax refund claims, credit files, computer programs, printouts and other computer materials and records, guaranty claims, security interests or other property held by or granted to Debtor to secure payment of any obligation of any obligor of Debtor and any and all of the rights of Debtor of whatever nature under any and all contracts, agreements, or leases (whether of real or personal property) to which the Debtor is or may become a party, including without limitation all of the rights of Debtor to enforce all of the provisions of and to obtain payments or other performance due under all contracts, agreements or leases;

5 Cash and cash equivalents;

2251864

6 All chattel paper, instruments, documents of title and investment property (including but not limited to all securities, security entitlements, security accounts, commodity contracts, commodity accounts, stocks, bonds, mutual fund shares, money market shares and U.S. government securities), as those terms are defined in Article 9 of the UCC;

7 Any and all balances, credits, deposits (general or special, time or demand, provisional or final), accounts or monies of or in the name of Debtor now or hereafter with Secured Party or any other financial institution and any and all property of every kind or description of or in the name of Debtor now or hereafter, for any reason or purpose whatsoever, in the possession or control of, or in transit to, or standing to Debtor's credit on the books of, Secured Party, any agent, or bailee for Secured Party;

8 All interest of Debtor in any goods the sale or lease of which shall have given or shall give rise to, and in all other property securing the payment of or performance under, any accounts or general intangibles or any chattel paper or instruments referred to above;

9 All interest of Debtor under any lease (whether capital or operating) or other contract for the purchase or use by Debtor of any personal property, including Debtor's interest in such personal property and any purchase rights associated therewith;

10 All interest of Borrower under any life insurance policy or contract;

11 All replacements, substitutions, additions, or accessions to or for any of the foregoing;

12 To the extent related to the property described above, all books, correspondence, credit files, records, invoices, and other papers and documents, including, without limitation, to the extent so related, all tapes, cards, computer runs, computer programs and other papers and documents in the possession or control of Debtor or any computer bureau from time to time acting for Debtor, and, to the extent so related, all rights in, to and under all policies of insurance, including claims of rights to payments thereunder and proceeds therefrom, including any credit insurance;

13 All products and proceeds (including but not limited to any Accounts or other proceeds arising from the sale or other disposition of any collateral, any returns of any inventory sold by Debtor, and the proceeds of any insurance covering any of the collateral) of all of the foregoing.

All substitutions and replacements for and products of any of the foregoing property and proceeds of any and all of the foregoing property and, in the case of all tangible Collateral, together with all accessions and, except in the case of consumer goods, together with (i) all accessories, attachments, parts, equipment, and repairs now or hereafter attached or affixed to or used in connection with any such goods, and (ii) all warehouse receipts, bills of lading and other documents of title now or hereafter covering such goods.

49721