**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| **CLARINDA COLOR LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 00-722 JMR/FLN** |
| | ) | |
| **BW ACQUISITION CORPORATION, BEOWULF LTD. and BRIAN NELSON,** | ) | **Honorable James Rosenbaum Chief U.S. District Court Judge** |
| | ) | |
| **Defendants.** | ) | **Honorable Franklin Noel Magistrate Judge** |
| **v.** | ) | |
| | ) | |
| **WULF MANAGEMENT CORPORATION, MARK NELSON and GREAT GRAPHX.COM, INC.,** | ) | |
| | ) | |
| **Third-Party Respondents.** | ) | |

**EXHIBIT C TO PLAINTIFF'S RESPONSE TO DEFENDANTS' OFFER OF PROOF IN RELATION TO THE RULE TO SHOW CAUSE ISSUED BY THE COURT ON JUNE 14, 2004**

SCANNED
JUN 2 5 2004
U.S. DISTRICT COURT MPLS

# FACSIMILE TRANSMISSION

**LAPP, LIBRA, THOMSON, STOEBNER & PUSCH, CHTD.**
**One Financial Plaza, Suite 2500**
**Minneapolis, MN 55402**
**(612) 338-5815**
**Fax: (612) 338-6651**

| | | | |
|---|---|---|---|
| **To:** | Neil H. Levin<br>Freeborn & Peters LLP | **Date:** | June 21, 2004 |
| **Fax #:** | 312 360 6573 | **Pages:** | 19, including cover sheet |
| **From:** | Richard T. Thomson | | |
| **Subject:** | Clarinda Color LLC v. BW Acquisition Corp., et al<br>v. Wulf Management Corp., et al | | |
| **File #:** | 04-192 | | |

**THIS FACSIMILE TRANSMISSION IS CONFIDENTIAL AND MAY BE PRIVILEGED. IT IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. IF YOU ARE NOT THE ADDRESSEE, DO NOT READ, COPY, OR USE THIS TRANSMISSION IN ANY WAY. IF YOU RECEIVE THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE TO ARRANGE FOR RETURNING THE ORIGINAL DOCUMENTS TO US.**

**Original Forwarded:** ☒ **By Regular Mail**
☐ **By**
☐ **No Original Forwarded**

COMMENTS:

LAPP, LIBRA, THOMSON, STOEBNER & PUSCH
CHARTERED
ATTORNEYS AT LAW

WILLIAM S. LAPP
DAVID A. LIBRA*
RICHARD T. THOMSON
JOHN R. STOEBNER*
GREGORY D. PUSCH
JULIA A. CHRISTIANS
DAVID A. HARBECK
RALPH V. MITCHELL
DAVID C. WEINSTEIN†
BRADLEY J. HINTZE ‡

WILLIAM S. GLEW, OF COUNSEL

ONE FINANCIAL PLAZA
SUITE 2500
120 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55402

TELEPHONE (612) 338-5815
FACSIMILE (612) 338-6651

*REAL PROPERTY LAW SPECIALIST
CERTIFIED BY THE MINNESOTA STATE BAR ASSOCIATION
†ALSO LICENSED IN CONNECTICUT AND NEW YORK
‡ALSO LICENSED IN WISCONSIN

WRITER'S DIRECT DIAL: (612) 343-4968
E-MAIL: rthomson@lapplibra.com

June 21, 2004

**BY FAX AND MAIL**

Mr. Neal H. Levin
Freeborn & Peters LLP
311 South Wacker Drive
Chicago, IL 60606-6677

Re: *Clarinda Color, LLC v. BW Acquisition, et al.*
00-CV-722, U.S. District Court, District of Minnesota

Dear Mr. Levin:

I represent ACRO Business Finance Corp. ("ACRO") in connection with the assets involved in the Court's Order (the "Order") dated June 14, 2004, in the above-referenced action. I was made aware of the Order on Friday, June 18, 2004. The purpose of this letter is to warn you and your client, Clarinda Color, LLC ("Clarinda"), not to interfere with ACRO's rights in the assets that are the subject of much of the Order.

The Order provides, in part:

6. The transferred assets listed on Exhibit A to the Sale of Assets Agreement (Pl. Ex. 14), or their equivalent value in cash, are attached, and further transfer or use is hereby enjoined. ... Plaintiff may levy execution on the assets transferred or their proceeds, whether in the hands of Wulf or Great Graphx, without further order of this Court. ...

7. ... Wulf is ordered to immediately disgorge the assets it received from BWAC, or their equivalent value in cash, to the extent needed to satisfy plaintiff's judgment against BWAC.

8. A constructive trust is imposed upon the assets of Wulf, wherever located, up to the value of the judgment, for the benefit of plaintiff, until the plaintiff's judgment against BWAC is satisfied.

ACRO holds perfected security interests in all the aforementioned assets. I understand that you are aware of this fact because you subpoenaed and received the pertinent documents from ACRO. Perhaps the Court was not made aware of the priority and extent of ACRO's perfected security interest in the assets, but the Court's Order does not and cannot divest ACRO of its rights in the assets, especially because ACRO's security interest was properly perfected in the public record and because ACRO was never joined as a party in the above-referenced action.

ACRO loaned $375,000 to Wulf Management Corporation ("Wulf") in August 2000. Of that amount, $275,000 was used to fund in part the acquisition of assets by Wulf. Additionally as part of the loan transaction, Wulf transferred to ACRO a security interest in all the aforementioned assets. ACRO's financing statements concerning Wulf were filed on August 16, 2000, and November 16, 2000. Great Graphx.com Inc. ("Great Graphx") assumed the full amount of the debt to ACRO in 2002 and transferred to ACRO a security interest in the aforementioned assets. ACRO's financing statements concerning Great Graphx were filed on July 31, 2002, January 24, 2003, and January 27, 2003. Although you already have copies of these documents, I attach additional copies for your convenience.

Subsequent to the initial acquisition date, and during the course of operations of both Wulf and Great Graphx, additional advances were made by ACRO, secured by the assets of the companies. Presently, the amount outstanding totals approximately principal of $862,849.00, plus interest, fees and other amounts due (collectively, the "Loan Amount").

It is well established that one who attaches or levies on property pursuant to a judgment takes the property subject to the legitimate rights of third parties to such property. Minn. Stat. §513.48 provides in relevant part:

> Notwithstanding voidability of a transfer or an obligation under sections 513.41 to 513.51, a good faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to:
>
> (1) a lien on or a right to retain any interest in the asset transferred;
>
> (2) enforcement of any obligation incurred ... .

Minn. Stat. § 513.48(d)(1) and (2).

Thus, ACRO holds a lien on all the assets described in the Court's Order. This amount

LAPP, LIBRA, THOMSON, STOEBNER & PUSCH
CHARTERED



totals the principal amount stated above, but in no event is less than the initial advance of $275,000 plus interest. Even using this lowest amount, the amount is greater than the estimated value of the assets. Because the size of the debt owed to ACRO, is greater than the value of the assets themselves, ACRO's interest covers the assets in their entirety, and any attachment, levy or use of the assets caused by Clarinda will be a conversion of ACRO's property rights in the assets. ACRO will look to Clarinda for damages from any such conversion.

Clarinda also is hereby given notice that ACRO will suffer consequential damages from Clarinda's conversion of the assets, because ACRO will lose the benefit that ACRO derives from its debtors' use of the assets; namely, the debtor's generation of revenues to repay the debt to ACRO.

Further, any revenues or value derived from the sale or other disposition of the assets belongs to ACRO, at least until such time as Clarinda has fully repaid to ACRO from the assets the present amount owing, plus interest owed to ACRO. Thus you are directed to deliver to ACRO any and all such revenues up to the Loan Amount.

In addition, if the assets suffer any damage from Clarinda's attachment or levy, ACRO will, again, look to Clarinda for repayment of the resulting loss.

I look forward to your agreement to the foregoing, so that ACRO will not need to intervene in the above-referenced litigation to protect its rights. I would appreciate your communicating your agreement or disagreement, as the case may be, by Friday, June 25, 2004.

Very truly yours,

Richard T. Thomson

RTT/jlp
Enclosures
copy w/encl: The Honorable James M. Rosenbaum (hand delivered)
ACRO Business Finance Corp.
Robert M. Gonderinger, Esq.
Michael Chase, Esq.

04-192

30

Miller/Davis Company
2575 University Ave. West
St. Paul, MN 55114
800-752-4221

# STATE OF MINNESOTA
# UCC-1 FINANCING STATEMENT

For Use By Filing Officer Only 2251864

00 AUG 16 AM 9:07
SEC. OF STATE
MINNESOTA

This statement is presented for filing pursuant to Minnesota Statutes Chapter 336.9-402. See Instructions on Page 4.

| 1. Individual Debtor - Last Name | First Name | Middle I. |
|---|---|---|
| | | |

| Social Security # | Mailing Address |
|---|---|
| | |

| City | State | Zip Code |
|---|---|---|
| | | |

| 2. Individual Debtor - Last Name | First Name | Middle I. |
|---|---|---|
| | | |

| Social Security # | Mailing Address |
|---|---|
| | |

| City | State | Zip Code |
|---|---|---|
| | | |

3. Business Debtor - Name
Wulf Management Corporation

| Fed. ID # | Mailing Address |
|---|---|
| 41-1980880 | 417 First Avenue North |

| City | State | Zip Code |
|---|---|---|
| Minneapolis | MN | 55401- |

| 4. Secured Party Name | 5. Assignee of Secured Party |
|---|---|
| ACRO Business Finance Corp. | |
| Mailing Address | Mailing Address |
| 4725 Olson Memorial Highway, Suite 201 | |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Minneapolis | MN | 55422- | | | |

6. This financing statement covers the following types or items of property. (If crops are covered describe the real estate and list the name of record owner of the real estate.)

See "Exhibit A" attached.

___ Debtor is a transmitting utility as defined by Minnesota Statutes Chapter 336.9-105

RETURN ACKNOWLEDGEMENT COPY TO: (name and address)

ACRO Business Finance Corp.
4725 Olson Memorial Highway, Suite 201
Minneapolis, MN 55422

Please do not type outside the bracketed area

Wulf Management Corporation

Debtor's Signature:
(Required in Most Cases see instructions)

Debtor's Signature:

Secured Party's Signature:

2251864

# EXHIBIT "A" TO UCC FINANCING STATEMENT

DEBTOR: WULF MANAGEMENT CORPORATION
SECURED PARTY: ACRO BUSINESS FINANCE CORP.

All of Debtor's right, title, and interest in and to the following property, whether now owned or existing or hereafter acquired or coming into existence, wherever now or hereafter located:

1. Accounts, including but not limited to all of Debtor's rights to payment for goods sold or leased or services performed by Debtor or any other person, whether now in existence or arising from time to time hereafter, including without limitation, rights evidenced by an account, note, contract right, security agreement, chattel paper, or other evidence of indebtedness or security, together with (i) all security pledged, assigned, hypothecated or granted to or held by Debtor to secure the foregoing, (ii) general intangibles arising out of Debtor's rights in any goods the sale of which gave rise thereto, (iii) all guaranties, endorsements and indemnifications on, or of, any of the foregoing, (iv) all powers of attorney for the execution of any evidence of indebtedness or security or other writing in connection therewith, (v) all books, records, ledger cards, print-outs and invoices relating thereto, (vi) all evidences of the filing of financing statements and other statements and the registration of other instruments in connection therewith and amendments thereto, notices to other creditors or secured parties, and certificates from filing or other registration offices, (vii) all credit information, reports and memoranda relating thereto, and (viii) all other writings related in any way to the foregoing, together with any and all rights and collateral security associated therewith;

2. Inventory;

3. Equipment, including but not limited to all present and future machinery, vehicles, furniture, fixtures, manufacturing equipment, shop equipment, office and record keeping equipment, parts, tools, supplies, all whether now owned or hereafter acquire, and wherever situated, together with all additions and accessions thereto, replacements therefor and all parts therefor, all substitutes for any of the foregoing and all manuals, drawings, instructions, warranties and rights with respect thereto;

4. General intangibles, including without limitation all choses in action, causes of action, and all other intangible personal property of the Debtor, including without limitation, corporate or other business records, inventions, designs, patents, patent applications, trademarks, service marks, trade names, trade secrets, goodwill, copyrights, registrations, licenses, franchises, customer lists, tax refund claims, credit files, computer programs, printouts and other computer materials and records, guaranty claims, security interests or other property held by or granted to Debtor to secure payment of any obligation of any obligor of Debtor and any and all of the rights of Debtor of whatever nature under any and all contracts, agreements, or leases (whether of real or personal property) to which the Debtor is or may become a party, including without limitation all of the rights of Debtor to enforce all of the provisions of and to obtain payments or other performance due under all contracts, agreements or leases;

5. Cash and cash equivalents;

2251864

6. All chattel paper, instruments, documents of title and investment property (including but not limited to all securities, security entitlements, security accounts, commodity contracts, commodity accounts, stocks, bonds, mutual fund shares, money market shares and U.S. government securities), as those terms are defined in Article 9 of the UCC;

7. Any and all balances, credits, deposits (general or special, time or demand, provisional or final), accounts or monies of or in the name of Debtor now or hereafter with Secured Party or any other financial institution and any and all property of every kind or description of or in the name of Debtor now or hereafter, for any reason or purpose whatsoever, in the possession or control of, or in transit to, or standing to Debtor's credit on the books of, Secured Party, any agent, or bailee for Secured Party;

8. All interest of Debtor in any goods the sale or lease of which shall have given or shall give rise to, and in all other property securing the payment of or performance under, any accounts or general intangibles or any chattel paper or instruments referred to above;

9. All interest of Debtor under any lease (whether capital or operating) or other contract for the purchase or use by Debtor of any personal property, including Debtor's interest in such personal property and any purchase rights associated therewith;

10. All interest of Borrower under any life insurance policy or contract;

11. All replacements, substitutions, additions, or accessions to or for any of the foregoing;

12. To the extent related to the property described above, all books, correspondence, credit files, records, invoices, and other papers and documents, including, without limitation, to the extent so related, all tapes, cards, computer runs, computer programs and other papers and documents in the possession or control of Debtor or any computer bureau from time to time acting for Debtor, and, to the extent so related, all rights in, to and under all policies of insurance, including claims of rights to payments thereunder and proceeds therefrom, including any credit insurance;

13. All products and proceeds (including but not limited to any Accounts or other proceeds arising from the sale or other disposition of any collateral, any returns of any inventory sold by Debtor, and the proceeds of any insurance covering any of the collateral) of all of the foregoing.

All substitutions and replacements for and products of any of the foregoing property and proceeds of any and all of the foregoing property and, in the case of all tangible Collateral, together with all accessions and, except in the case of consumer goods, together with (i) all accessories, attachments, parts, equipment, and repairs now or hereafter attached or affixed to or used in connection with any such goods, and (ii) all warehouse receipts, bills of lading and other documents of title now or hereafter covering such goods.

493721

Miller/Davis Company
2575 University Ave. West
St. Paul, MN 55114
800-752-4221

# STATE OF MINNESOTA
# UCC-1 FINANCING STATEMENT

For Use By Filing Officer Only 2275457

00 NOV 16 PM 2:10
SEC. OF STATE
MINNESOTA

This statement is presented for filing pursuant to Minnesota Statutes Chapter 336.9-402. See Instructions on Page 4.

| | | | |
|---|---|---|---|
| 1. Individual Debtor - Last Name | | First Name | Middle I. |
| Social Security # | Mailing Address | | |
| City | | State | Zip Code |
| 2. Individual Debtor - Last Name | | First Name | Middle I. |
| Social Security # | Mailing Address | | |
| City | | State | Zip Code |

| | | | |
|---|---|---|---|
| 3. Business Debtor - Name: Wulf Management Corporation | | | |
| Fed. ID # 41-1980880 | Mailing Address: 214 South 4th Street, Suite 210 | | |
| City: St. Paul | | State: MN | Zip Code: 55101- |

| | | | | | |
|---|---|---|---|---|---|
| 4. Secured Party Name: ACRO Business Finance Corp. | | | 5. Assignee of Secured Party | | |
| Mailing Address: 4725 Olson Memorial Highway, Suite 201 | | | Mailing Address | | |
| City: Minneapolis | State: MN | Zip Code: 55422- | City | State | Zip Code |

6. This financing statement covers the following types or items of property. (If crops are covered describe the real estate and list the name of record owner of the real estate.)

See "Exhibit A" attached.

___ Debtor is a transmitting utility as defined by Minnesota Statutes Chapter 336.9-105

RETURN ACKNOWLEDGEMENT COPY TO: (name and address)

ACRO Business Finance Corp.
4725 Olson Memorial Highway, Suite 201
Minneapolis, MN 55422

Please do not type outside the bracketed area

Wulf Management Corporation
[signature]
Debtor's Signature:
(Required in Most Cases see Instructions)

Debtor's Signature:

Secured Party's Signature:

2275457

6. All chattel paper, instruments, documents of title and investment property (including but not limited to all securities, security entitlements, security accounts, commodity contracts, commodity accounts, stocks, bonds, mutual fund shares, money market shares and U.S. government securities), as those terms are defined in Article 9 of the UCC;

7. Any and all balances, credits, deposits (general or special, time or demand, provisional or final), accounts or monies of or in the name of Debtor now or hereafter with Secured Party or any other financial institution and any and all property of every kind or description of or in the name of Debtor now or hereafter, for any reason or purpose whatsoever, in the possession or control of, or in transit to, or standing to Debtor's credit on the books of, Secured Party, any agent, or bailee for Secured Party;

8. All interest of Debtor in any goods the sale or lease of which shall have given or shall give rise to, and in all other property securing the payment of or performance under, any accounts or general intangibles or any chattel paper or instruments referred to above;

9. All interest of Debtor under any lease (whether capital or operating) or other contract for the purchase or use by Debtor of any personal property, including Debtor's interest in such personal property and any purchase rights associated therewith;

10. All interest of Borrower under any life insurance policy or contract;

11. All replacements, substitutions, additions, or accessions to or for any of the foregoing;

12. To the extent related to the property described above, all books, correspondence, credit files, records, invoices, and other papers and documents, including, without limitation, to the extent so related, all tapes, cards, computer runs, computer programs and other papers and documents in the possession or control of Debtor or any computer bureau from time to time acting for Debtor, and, to the extent so related, all rights in, to and under all policies of insurance, including claims of rights to payments thereunder and proceeds therefrom, including any credit insurance;

13. All products and proceeds (including but not limited to any Accounts or other proceeds arising from the sale or other disposition of any collateral, any returns of any inventory sold by Debtor, and the proceeds of any insurance covering any of the collateral) of all of the foregoing.

All substitutions and replacements for and products of any of the foregoing property and proceeds of any and all of the foregoing property and, in the case of all tangible Collateral, together with all accessions and, except in the case of consumer goods, together with (i) all accessories, attachments, parts, equipment, and repairs now or hereafter attached or affixed to or used in connection with any such goods, and (ii) all warehouse receipts, bills of lading and other documents of title now or hereafter covering such goods.

49378.1

[redacted]

Filing NO: 20024773084
Filing Date: 2002/07/31
Filing Time: 3:14 PM
State of Minnesota
Processing Office: Secretary of State
Filed by: nelmi01

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Jeff Lamberg (763) 417-9993

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

ACRO Business Finance Corp.
4725 Olson Memorial Highway
Suite 201
Minneapolis, MN 55422

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Great Graphx.com Inc. | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 9401 James Ave. South, Suite 115 | Bloomington | MN 55401 | |
| 1d. TAX ID #: SSN OR EIN / ADD'L INFO RE ORGANIZATION DEBTOR / 1e. TYPE OF ORGANIZATION: DC | 1f. JURISDICTION OF ORGANIZATION: Minnesota | 1g. ORGANIZATIONAL ID #, if any: 11S-703 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| | | | |
| 2d. TAX ID #: SSN OR EIN / ADD'L INFO RE ORGANIZATION DEBTOR / 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ACRO Business Finance Corp. | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 4725 Olson Memorial Highway, #201 | Minneapolis | MN 55422 | |

4. This FINANCING STATEMENT covers the following collateral:

ALL PERSONAL PROPERTY OF THE DEBTOR;
DESCRIBED ON EXHIBIT "A", ATTACHED HERETO AND INCORPORATED BY THIS REFERENCE.

[signature], President.

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

Filing #: 20024773084

| | | | | |
|---|---|---|---|---|
| | **Exhibit A to UCC Financing Statement** | | | |
| | Effective as of January 2, 2002 | | | |
| | | | | |
| | GreatGraphx.com Inc. | | | |
| | | | | |
| **In Us** | **Camera** | | | Location |
| x | T-2 Megavision Digital Camer & Lens' | 12500 | 20000 | Studio |
| x | Photography Studio Equipment | 5000 | 7500 | Studio |
| | **Computers** | | | |
| x | PowerMac 8500/120-17" Monitor | 1000 | 2000 | Studio |
| x | Mac G4 21" Monitor | 2500 | 3500 | CompGr/Craig |
| x | PowerComputing Pro 240/17" Monitor | 1500 | 2500 | CompGr/Paul |
| x | PowerMac G3 Tower 21" Monit | 2000 | 3000 | color/dave |
| x | PowerComputing Pro 240/17"Monitor | 1500 | 2500 | preflt1 |
| x | PowerMac G3 Tower 21" Monitor | 2000 | 3000 | woody |
| x | PowerMac G3 Tower 21" Monitor | 2000 | 3000 | jblock |
| x | PowerMac 7100/66-G3Card 20"Monitr | 800 | 1000 | skoog |
| x | PowerMac 7100/80-G3Card 20"Monitr | 800 | 1000 | mac dept |
| x | PowerMac G3 17" Monitor | 1250 | 1750 | markd |
| x | PowerMac G3 Tower 21" Monitor | 1500 | 2000 | markn |
| x | PowerMac G3 Blue 21" Monitor | 2500 | 3500 | denisag |
| x | PowerMac 8100/80-G3Card 21"Monitr | 600 | 850 | skoog |
| x | PowerMac 7100/66-G3Card 17"Monitr | 800 | 1000 | rainbow |
| x | PowerComputing Pro 210 17" Monitor | 750 | 1000 | johnb |
| x | PowerComputing Pro 210 17" Monitor | 750 | 1000 | markd |
| x | PC 17" Monitor | 350 | 500 | denisec |
| x | PC Pentium Tower 21" Monitor | 600 | 750 | skoog |
| x | PC Sony 15" Monitor | 200 | 250 | printserv |
| x | PC M SystemPentium Tower 17" Moni | 350 | 500 | kenix |
| x | PC rademark Pentium Tower | 300 | 500 | markd |
| x | PC A Open Pentium Acer 17" Monitor | 350 | 500 | studio |
| x | PowerComputing Pro 240 | 1500 | 2500 | James |
| x | PowerMac 6100/66-G3Card 20"Monitr | 500 | 800 | Sales |
| x | PowerMac 6100/66-G3Card 17"Monitr | 500 | 800 | Sales |
| | **Communications** | | | |
| x | Network Server Compaq Pro 6000, | | | |
| x | plus Raid,Cisco Router - 198 Gigs | 25000 | 50000 | markd |
| x | Network Server Data General | 4000 | 7500 | markd |
| | **Computer Support** | | | |
| x | Approx(10) Iomega Zip Jaz & | 800 | 1000 | 218 |
| x | Software Postscript Fonts | 20000 | 30000 | 218 |
| | **Litho** | | | |
| x | Matchprint System | 4000 | 6500 | Litho |
| x | Matchprint System | 4000 | 6500 | Litho |
| x | Processor Kodak 960 | 1250 | 2000 | Litho |
| x | Kodak Automixer | 1250 | 2000 | Litho |

Filing : 20024773084

| | | | | |
|---|---|---|---|---|
| x | Vacuum Fram Houthitt + Light Source | 1000 | 1500 | Litho |
| x | Light Table Brown 72x52 | 750 | 1007 | Litho |
| x | Light Table (3) 53x43 | 1800 | 2400 | Litho |
| x | Developing Sink | 250 | 500 | Litho |
| x | Dupont Laminator | 200 | 300 | Litho |
| x | Vacumm Fram 84x62 50Amp Lite | 3000 | 4000 | Litho |
| x | Carlson Punch 50x48 | 400 | 600 | Litho |
| x | Carlson Punch Plexi 30x28 | 125 | 175 | Litho |
| x | Paper Trimmer- 48" | 150 | 200 | Litho |
| x | Light Table 62x42 | 600 | 800 | Litho |
| x | Light Table 50x36 | 500 | 650 | Litho |
| x | Light Table (3) 40x30 | 1050 | 1350 | Litho |
| x | Light Table (3) 32x24 | 750 | 975 | Litho |
| x | Revolving Darkroom Door | 250 | 400 | woody |
| x | Water Panels (4) | 2000 | 2800 | Litho |
| x | Office Furniture Equip | 5000 | 5000 | Litho |
| x | Fax Machine | 25 | 30 | 115 |
| x | Fax Machine | 50 | 75 | 218 |
| x | Telephone System | 4000 | 7500 | Litho |
| x | Lot Office Machines | 800 | 1250 | Litho |
| x | Assorted Furniture | 12300 | 18900 | Litho |
| | **Printers** | | | |
| x | Imation Rainbow | 7000 | 10000 | CompGra |
| x | Textronix Color Laser | 2500 | 4000 | CompGra |
| x | Herkules S-Pro Pinter | 35000 | 50000 | Litho |
| x | HP 5SI | 900 | 1250 | CompGra |
| x | HP 4MV | 500 | 700 | CompGra |
| x | HP | 350 | 500 | DeniseC |
| x | Apple Laserwriter | 200 | 250 | sales |
| x | Epson Stylus 850 | 75 | 95 | Markn |
| | **Scanners** | | | |
| x | Scanner 3900 Drum | 38000 | 50000 | Jamie |
| x | Flatbed Scanner Arcus | 200 | 275 | Color |
| x | Color Viewing Booth | 1500 | 2500 | Color |
| | | | | |
| | **Digital Printer** | | | |
| x | Kodak Approval | 48000 | 81000 | Color |
| | | | | |
| | | | | |
| | **Grand Total In Use** | **239325** | **374675** | |
| | | | | |
| | | | | |
| | **Miscellaneous** | | | |
| | WMC Property held in Storage- (balance of WMC list) | | Not detailed | |
| | WMC Accounts Receivable 1/2/2002 less payables assumed. | | | |

Uniform Commercial Code
180 State Office Building
100 Rev. Dr. Martin Luther King Jr. Blvd.
Saint Paul, MN 55155

Mary Kiffmeyer
Secretary of State

# Minnesota Central Filing System

**UCC Amendment Acknowledgement**

January 28, 2003
Page 1 of 1

ACRO BUSINESS FINANCE CORP
4725 OLSON MEMORIAL HWY #201
MINNEAPOLIS MN 55422

The Minnesota Central Filing System has received and filed your document. The information below reflects the data that was indexed in our system. Please review the information for accuracy. If you find a potential error, please notify the appropriate filing office.

**Client Account Number:** 13027467
**Amendment Type:** Amend Debtor - Change
**Filing Type:** UCC Financing Stmt
**File Date:** 01/24/2003 **File Time:** 5:00 p.m.

**Document Number:** 3775900002
**Amendment Number:** 2003636008
**Original Filing Number:** 20024773084
**Lapse Date:** 07/31/2007

| Party Type | Party Name and Address |
|---|---|
| Debtor | GREAT GRAPHIX.COM INC<br>BLOOMINGTON MN |
| Debtor | GREAT GRAPHX.COM INC<br>BLOOMINGTON MN |
| Secured Party | ACRO BUSINESS FINANCE CORP<br>MINNEAPOLIS MN |

Filing by the Minnesota Central Filing System is not conclusive proof that all conditions for securing priority have been met. Ensuring that accurate information is on the document to be filed is the responsibility of the filing party. If the filing is challenged, the filing office does not guarantee that the filing is legally sufficient to secure priority under UCC Article 9 and expressly disclaims any liability for failure of the filing party to secure priority resulting from the information contained in the filed document, or the lack of information on the filed document.

User ID: bonke01

County ID: 88

[redacted]

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

Filing NO: 2003636008
Filing Date: 2003/01/24
Filing Time: 5:00 PM
State of Minnesota
Processing Office: Secretary of State
Filed by: bonke01

A. NAME & PHONE OF CONTACT AT FILER [optional]
Jeff Lamberg (763) 417-9993

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

ACRO Business Finance Corp.
4725 Olson Memorial Highway
Suite 201
Minneapolis, MN 55422

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
20024773084

1b. [ ] This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. [ ] TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. [ ] CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. [ ] ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects [X] Debtor or [ ] Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
[X] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
[ ] DELETE name: Give record name to be deleted in item 6a or 6b.
[ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Great Graphx.com Inc. | | | |
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| | | | | |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 9401 James Ave. South, Suite 115 | Bloomington | MN | 55431 | |
| 7d. TAX ID #: SSN OR EIN / ADD'L INFO RE ORGANIZATION DEBTOR / 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | | [ ] NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral [ ] deleted or [ ] added, or give entire [X] restated collateral description, or describe collateral [ ] assigned.

All personal property of the Debtor, including but not limited to that described on Exhibit "A", attached hereto and incorporated by this reference.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ACRO Business Finance Corp. | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

10. OPTIONAL FILER REFERENCE DATA

Uniform Commercial Code
180 State Office Building
100 Rev. Dr. Martin Luther King Jr. Blvd.
Saint Paul, MN 55155

Mary Kiffmeyer
Secretary of State

# Minnesota Central Filing System

**UCC Amendment Acknowledgement**

January 30, 2003
Page 1 of 1

ACRO BUSINESS FINANCE CORP
4725 OLSON MEMORIAL HWY #201
MINNEAPOLIS MN 55422

The Minnesota Central Filing System has received and filed your document. The information below reflects the data that was indexed in our system. Please review the information for accuracy. If you find a potential error, please notify the appropriate filing office.

**Client Account Number:** 13027467
**Amendment Type:** Amendment
**Filing Type:** UCC Financing Stmt
**File Date:** 01/27/2003 **File Time:** 5:00 p.m.

**Document Number:** 3775680002
**Amendment Number:** 2003636000
**Original Filing Number:** 20024773084
**Lapse Date:** 07/31/2007

| Party Type | Party Name and Address |
|---|---|
| Debtor | **GREAT GRAPHX.COM INC**<br>**BLOOMINGTON MN** |
| Secured Party | **ACRO BUSINESS FINANCE CORP**<br>**MINNEAPOLIS MN** |

Filing by the Minnesota Central Filing System is not conclusive proof that all conditions for securing priority have been met. Ensuring that accurate information is on the document to be filed is the responsibility of the filing party. If the filing is challenged, the filing office does not guarantee that the filing is legally sufficient to secure priority under UCC Article 9 and expressly disclaims any liability for failure of the filing party to secure priority resulting from the information contained in the filed document, or the lack of information on the filed document.

User ID: bonke01 County ID: 88

[redacted]

Filing NO: 2003636000
Filing Date: 2003/01/27
Filing Time: 5:00 PM
State of Minnesota
Processing Office: Secretary of State
Filed by: bonke01

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

Jeff Lamberg (763) 417-9993

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

ACRO Business Finance Corp.
4725 Olson Memorial Highway
Suite 201
Minneapolis, MN 55422

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #

20024773084

1b. [ ] This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. [ ] TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. [ ] CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. [ ] ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects [X] Debtor or [ ] Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

[X] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
[ ] DELETE name: Give record name to be deleted in item 6a or 6b.
[ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

6a. ORGANIZATION'S NAME

Great Graphx.com Inc.

OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7. CHANGED (NEW) OR ADDED INFORMATION:

7a. ORGANIZATION'S NAME

OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9401 James Ave. South, Suite 115 | Bloomington | MN | 55431 | |

7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any [ ] NONE

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral [ ] deleted or [ ] added, or give entire [X] restated collateral description, or describe collateral [ ] assigned.

All personal property of the Debtor, including but not limited to that described on Exhibit "A", attached hereto and incorporated by this reference.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

9a. ORGANIZATION'S NAME

ACRO Business Finance Corp.

OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

10. OPTIONAL FILER REFERENCE DATA

# EXHIBIT "A" TO UCC FINANCING STATEMENT

| | |
|---|---|
| DEBTOR: | Great Graphx.com Inc |
| SECURED PARTY: | ACRO BUSINESS FINANCE CORP. |

All of Debtor's right, title, and interest in and to all personal property of the Debtor, including but not limited to the following property, whether now owned or existing or hereafter acquired or coming into existence, wherever now or hereafter located:

1. Accounts, including but not limited to all of Debtor's rights to payment for goods sold or leased or services performed by Debtor or any other person, whether now in existence or arising from time to time hereafter, including without limitation, rights evidenced by an account, note, contract right, security agreement, chattel paper, or other evidence of indebtedness or security, together with (i) all security pledged, assigned, hypothecated or granted to or held by Debtor to secure the foregoing, (ii) general intangibles arising out of Debtor's rights in any goods the sale of which gave rise thereto, (iii) all guaranties, endorsements and indemnifications on, or of, any of the foregoing, (iv) all powers of attorney for the execution of any evidence of indebtedness or security or other writing in connection therewith, (v) all books, records, ledger cards, print-outs and invoices relating thereto, (vi) all evidences of the filing of financing statements and other statements and the registration of other instruments in connection therewith and amendments thereto, notices to other creditors or secured parties, and certificates from filing or other registration offices, (vii) all credit information, reports and memoranda relating thereto, and (viii) all other writings related in any way to the foregoing, together with any and all rights and collateral security associated therewith;

2. Inventory;

3. Equipment, including but not limited to all present and future machinery, vehicles, furniture, fixtures, manufacturing equipment, shop equipment, office and recordkeeping equipment, parts, tools, supplies, all whether now owned or hereafter acquired, and wherever situated, together with all additions and accessions thereto, replacements therefor and all parts therefor, all substitutes for any of the foregoing and all manuals, drawings, instructions, warranties and rights with respect thereto;

4. General intangibles, including without limitation all choses in action, causes of action, and all other intangible personal property of the Debtor, including without limitation, corporate or other business records, inventions, designs, patents, patent applications, trademarks, service marks, trade names, trade secrets, goodwill, copyrights, registrations, licenses, franchises, customer lists, tax refund claims, credit files, computer programs, printouts and other computer materials and records, guaranty claims, security interests or other property held by or granted to Debtor to secure payment of any obligation of any obligor of Debtor and any and all of the rights of Debtor of whatever nature under any and all contracts, agreements, or leases (whether of real or personal property) to which the Debtor is or may become a party, including without limitation all of the rights of Debtor to enforce all of the provisions of and to obtain payments or other performance due under all contracts, agreements or leases;

5. Cash and cash equivalents;

6. All chattel paper, instruments, documents of title and investment property (including but not limited to all securities, security entitlements, security accounts, commodity contracts, commodity accounts, stocks, bonds, mutual fund shares, money market shares and U.S. government securities), as those terms are defined in Article 9 of the UCC;

7. Any and all balances, credits, deposits (general or special, time or demand, provisional or final), accounts or monies of or in the name of Debtor now or hereafter with Secured Party or any other financial institution and any and all property of every kind or description of or in the name of Debtor now or hereafter, for any reason or purpose whatsoever, in the possession or control of, or in transit to, or standing to Debtor's credit on the books of, Secured Party, any agent, or bailee for Secured Party;

8. All interest of Debtor in any goods the sale or lease of which shall have given or shall give rise to, and in all other property securing the payment of or performance under, any accounts or general intangibles or any chattel paper or instruments referred to above;

9. All interest of Debtor under any lease (whether capital or operating) or other contract for the purchase or use by Debtor of any personal property, including Debtor's interest in such personal property and any purchase rights associated therewith;

10. All replacements, substitutions, additions, or accessions to or for any of the foregoing;

11. To the extent related to the property described above, all books, correspondence, credit files, records, invoices, and other papers and documents, including, without limitation, to the extent so related, all tapes, cards, computer runs, computer programs and other papers and documents in the possession or control of Debtor or any computer bureau from time to time acting for Debtor, and, to the extent so related, all rights in, to and under all policies of insurance, including claims of rights to payments thereunder and proceeds therefrom, including any credit insurance;

12. All products and proceeds (including but not limited to any Accounts or other proceeds arising from the sale or other disposition of any collateral, any returns of any inventory sold by Debtor, and the proceeds of any insurance covering any of the collateral) of all of the foregoing.

13. All substitutions and replacements for and products of any of the foregoing property and proceeds of any and all of the foregoing property and, in the case of all tangible Collateral, together with all accessions and, except in the case of consumer goods, together with (i) all accessories, attachments, parts, equipment, and repairs now or hereafter attached or affixed to or used in connection with any such goods, and (ii) all warehouse receipts, bills of lading and other documents of title now or hereafter covering such goods.