UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CV-722(JMR/FLN)

Clarinda Color LLC )
)
v. )
)
BW Acquisition Corp., Beowulf )
Ltd., and Brian Nelson ) ORDER
)
v. )
)
Wulf Management Corp., Mark )
Nelson, and Great Graphx.com )

On June 14, 2004 this Court granted summary judgment to plaintiff and ordered defendants Wulf Management Corp. ("Wulf") and Great Graphx.com ("Great Graphx") to show cause on or before June 21, 2004, why they should not be divested of legal title to certain pre-press equipment fraudulently transferred to them by defendant BW Acquisition Corp. ("BW Acquisition"). Based on the parties' responses, the Court finds that Wulf and Great Graphx should be divested of title.

Defendants rehash their previously rejected argument of the equipment being fully encumbered by a valid lien. Their argument is without substance, and is, again, rejected. The Court maintains its view that Highland Bank had a prior valid lien limited to the value of the unpaid BW Acquisition loan. The Court maintains its view that insofar as this equipment has a value in excess of the unpaid Highland Bank loan, that excess value is an asset of BW Acquisition subject to execution to satisfy plaintiff's judgment.

Accordingly, IT IS ORDERED that:

1. The Order of June 14, 2004 is amended to reflect Highland Bank's and ACRO Bank's ("ACRO") having filed financing statements to perfect their interests.

2. Having received assets of BW Acquisition as a result of fraud, Wulf and Great Graphx are divested of all right, title and interest in and to the pre-press equipment transferred by BW Acquisition on August 1, 2000, up to the value of plaintiff's judgment against BW Acquisition.

3. Legal title to this property shall forthwith be vested in BW Acquisition, which shall convey legal title therein to plaintiff as part of BW Acquisition's duty to satisfy plaintiff's judgment.

4. As ACRO is not a party to this matter and no motion is before the Court, the Court expressly declines to address questions concerning the validity or priority of ACRO's interest in the pre-press equipment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 9, 2004

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge