UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Clarinda Color, LLC,

Plaintiff,

Civil Action No. 00-CV-722 JMR/FLN

v.

BW Acquisition Corporation
Beowulf LTD., and Brian Nelson,

Defendants.

**MOTION FOR RELIEF FROM JUDGMENT AND FOR STAY**

v.

Wulf Management Corporation
Mark Nelson and Great
Graphx.com, Inc.

Third-Party Respondents.

PLEASE TAKE NOTICE that the attached Motions will be brought before the Honorable, James M. Rosenbaum, United States District Court Judge, in the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

## MOTION FOR RELIEF FROM JUDGMENT AND FOR STAY

Pursuant to Rule 60(a), Rule 60(b)(1)(5) and (6), Rule 62(b) of the Federal Rules of Civil Procedure, and Local Rule 7.1(a), Third Party Respondents, Great Graphx.com, Inc. and Mark Nelson ("Respondents") hereby move the Court for an Order for Relief from the Orders of this Court entered on June 14, 2004 and July 9, 2004, by way of clarification of said Orders in order

to prohibit the Plaintiff from engaging in execution, levy, garnishment and other collection remedies against the Respondents which are beyond the scope of what is authorized and permitted by the Court's Orders. The Respondents also move the Court pursuant to Rule 62(b) for an Order staying the Plaintiff's execution, levy, garnishment and other collection remedies against the Respondents until such time as there has been a final determination of the scope of Plaintiff's remedies against the Respondents and the commercial reasonableness of Plaintiff's disposal of repossessed assets and an accounting therefor.

The grounds supporting these motions are more fully set forth in the accompanying Affidavit of Mark Nelson and the Memorandum of Law submitted in support of Respondent's Motion.

Dated: August 12, 2004

s/ Valdis A. Silins
Valdis A. Silins (Atty. Reg. No. 12221X)
Paige Fitzgerald (Atty. Reg. No. 0303082)
Stephenson & Sanford P.L.C.
1905 E. Wayzata Blvd. Suite 220
Wayzata, MN 55391
952-404-2100

ATTORNEYS FOR RESPONDENTS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Clarinda Color, LLC,

Plaintiff,

Civil Action No. 00-CV-722 JMR/FLN

v.

BW Acquisition Corporation
Beowulf LTD., and Brian Nelson,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT AND FOR STAY**

v.

Wulf Management Corporation
Mark Nelson and Great
Graphx.com, Inc.

Third-Party Respondents.

Third Party Respondents, Great Graphx.com, Inc. ("GGX") and Mark Nelson (collectively the "Respondents") hereby submit their Memorandum of Law in Support of their Motions for Relief from Judgment and For Stay

## I. INTRODUCTION

In the Summary Judgment Order in this matter, the Court specifically determined that Respondents were transferees of what it ruled to be fraudulent conveyances of certain business assets, that Respondents should return all such transferred assets and that Respondents were not liable for the monetary judgment obtained by the Plaintiff against Defendants BW Acquisition

Corporation, Beowulf LTD., and Brian Nelson. Respondents believe that they have complied with the Court's summary Judgment Order dated June 14, 2004 and the Show Cause Order dated July 9, 2004, and that the Plaintiff is presently actively and aggressively engaging in collection remedies that are not authorized by the Court's Judgments and are beyond the scope of such Judgments. Despite the Respondents' compliance with the directive that they surrender and turn over all of the assets listed on the Appraisal, Plaintiff has issued garnishments against GGX's bank accounts on the basis of a Writ of Execution which provides that Respondents are liable for entire amount of the Judgment.

Respondents request a clarification of this Court's rulings and a determination of the scope of any additional post-judgment actions that Plaintiff can exercise against the Respondents. Since the resolution of these issues may require further evidentiary hearings to determine the extent of Respondents' further liability, if any, Respondents also request that the Court stay all further execution against Respondents until the Court rules on Respondent's motion herein.

## II.
## A CONDENSED PROCEDURAL HISTORY

1. Plaintiffs obtained Judgment against the Defendants BW Acquisition Corporation "BWAC") and Beowulf, Ltd. on May 2, 2001 in the amount of $401,872.82.

2. In November of 2002 Plaintiff obtained permission from this Court to bring a Petition to Avoid Fraudulent Transfer against the Respondents and Wulf Management Corp.

3. On June 14, 2004 this Court issued an Order granting the Plaintiff Summary Judgment ("Summary Judgment Order") and ruling, in part (relevant to GGX's motion herein):

a. that the transfer of assets from BWAC to Wulf had been fraudulent and ordered that "GreatGraphx and any subsequent transferee are immediately ordered to cease using the assets and to disgorge the assets received from Wulf, or their equivalent value in cash, to the extent needed to satisfy Plaintiff's judgment against BWAC." (III, Conclusion, paragraph 9);

b. that "Plaintiff may levy execution on the assets transferred or their proceeds, whether in the hands of Wulf or GreatGraphx…" (III, Conclusion, paragraph 6); and

c. that "Counts I, II, V, and VI are dismissed to the extent plaintiff seeks to make Wulf and GreatGraphx directly liable for the judgment against BWAC in excess of, or in addition to, their liability as fraudulent transferees." (III, Conclusion, paragraph 3);

4. On July 9, 2004 this Court issued an Order ("Show Cause Order:) which ruled in paragraph 2 that:

> Having received assets of BW acquisition as a result of fraud, Wulf and Great Graphx are divested of all right title and interest in and to the pre-press equipment transferred by BW Acquisition on August 1, 2000 up to the value of Plaintiff's judgment against BW Acquisition.

5. Plaintiff procured a Writ of Execution on June 29, 2004 from this Court (a copy of which is attached to the Affidavit of Mark Nelson [hereinafter the "*Nelson Affidavit*"] as Exhibit B).

6. On or July 15, 2004, Plaintiff served the Writ on GGX and Mark Nelson, and the U.S. Marshall, Plaintiff's counsel and a number of Plaintiff's agents entered GGX's business premises at 9555 James Avenue South, Suite 218, Bloomington, Minnesota and inventoried and removed all of the items on the Appraisal that either Affiant or GGX had in their possession. Thirteen (13) of the items from the Appraisal were never received by the Respondents (*Nelson Affidavit,* Exhibit D-1 ), and eleven (11) items from the Appraisal broke during the last two years and were discarded. (*Nelson Affidavit,* Exhibit D-2).

7. Plaintiff was advised that many of the items on the Appraisal were located at a

warehouse facility used by GGX and Affiant and GGX provided the U.S. Marshal, Plaintiff's counsel and Plaintiff's agents access to a warehouse facility at 321 West 83rd Street, Bloomington, Minnesota used by GGX on July 19, 2004. Plaintiff's counsel and Plaintiff's agents spent three days inventorying all of the various assets located therein. A list of such assets was prepared by Plaintiff's agents and is attached to the *Nelson Affidavit* as Exhibit B. Also attached to the *Nelson Affidavit* is Exhibit D-3 which details the items from the Appraisal which are located in the warehouse.

8. On or about July 19, 2004 Plaintiff caused a garnishment summons to be served upon the Stearns Bank, seeking to garnish GGX's bank accounts. (a copy of the Garnishment Summons is attached to the *Nelson Affidavit* as Exhibit E.)

## III.
## ARGUMENT

A. Relief Under Rule 60.

Respondents' motion for relief from judgment by way of a clarification of the judgment or a determination of compliance with the judgment is based on Rule 60 (6) of the Federal Rules of Civil Procedure, which states in part:

Rule 60. Relief from Judgment or Order

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

> prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

The purpose of a Rule 60(b)(6) motion, when made within a "reasonable time," is to provide relief from a judgment, including a default judgment, or for "any other reason justifying relief from the operation of the judgment," thus allowing a district court to inject equity and revive an otherwise lifeless claim. *Klapprott v. United States*, 335 U.S. 601, 614-15, 69 S.Ct. 384, 93 L.Ed. 1099 (1949) (finding that Rule 60(b) (60 enables a court to "accomplish justice"); *Hoover v. Valley West DM*, 823 F.2d 227, 230 (8th Cir.1987) (weighing the "equities involved" on a Rule (60(b) motion). The principal procedural requirement is that the motion be made within a reasonable amount of time, and what constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion. See *Federal Land Bank v. Cupples Bros.,* 889 F.2d 764, 767 (8th Cir.1989).

Generally, Rule 60(b) provides for extraordinary relief, which may be granted only upon a showing of exceptional circumstances. *Atkinson v. Prudential Ins. Co.*, 43 F.3d 367, 371 (8th Cir.1994), and relief under Rule 60(b) is within the sound discretion of the district court. Id. at 371. Generally, such relief is granted only when new and unforeseen conditions cause extreme and unexpected hardship so that the decree is oppressive." *ARC v. Sinner*, 942 F.2d 1235, 1239 (8th Cir.1991) (quotations and citations omitted); and see also, *Stokors S.A. v. Morrison,* 147 F.3d 759 ( 8th Cir. 1998).

In this matter, the Respondents timely request for relief is necessitated by the unforeseen and excessive actions of the Plaintiff in its enforcement of the Judgment against the Respondents. Respondents are seeking relief within 60 days of the Summary Judgment filed by

the Court on June 14, 2004, which is by no means an unreasonable amount of time to have elapsed. The Judgment in and of itself is not the determinate and proximate criteria for Respondents' motion but it is the actions of the Plaintiff in the enforcement of the Judgment within the past few weeks which have necessitated this request for relief. Nonetheless, Respondents have proceeded with all due haste in that the actions of the Plaintiff threaten its ability to conduct business and thus its very existence. The Plaintiff has not limited its actions to obtaining possession of the assets listed on the Appraisal, but it is also seeking to garnish bank accounts which do not contain any funds which are proceeds of the items on the Appraisal (*Nelson Affidavit* paragraphs 13 and 14).

B. Clarification of the Court's Orders is Needed.

Respondents are requesting that the Court review and clarify certain provisions of its Summary Judgment Order which either appear to be contradictory, or are, in essence, being interpreted and enforced by the Plaintiff in an antithetical manner. Are Paragraphs 6 and 9 of the Summary Judgment Order compatible with Paragraph 3 of that Order? If Respondents are not liable for the Judgment obtained by Plaintiff against BWAC (Paragraph 3), to what extent is the Plaintiff authorized to garnish and execute upon GGX's assets which are not the fraudulently transferred assets or the proceeds thereof? The Plaintiff is presently seeking to garnish GGX's checking account without any showing the funds therein are the proceeds of the fraudulently transferred assets. Respondents submit that if the Plaintiff has in fact been awarded such a broad grant of authority under paragraphs 6 and 9 of the Summary Judgment Order (and apparently Plaintiff believes that is the case and is acting accordingly), then GGX is nothing more than a judgment debtor, and GGX and all of its assets are, for all practical purposes, being held

accountable for the full amount of the Judgment regardless of the source of GGX's assets. Based on the Court's ruling in Paragraph 3 of the Summary Judgment Order, Respondents do not believe that it was the Court's intention to grant the Plaintiff the unfettered right to seek to recover its judgment wherever it could.

Both the Writ and the Garnishment reveal that Plaintiff is seeking to recover the full amount of its judgment from the Respondents and that it is therefore treating the Respondents as judgment debtors, directly contrary to the explicit ruling in the Court's Summary Judgment Order. The funds in GGX's accounts should not be subject to Plaintiff's collection activities under the existing Court Orders. Respondents have never sold or transferred any of the business assets listed on the Appraisal, and they therefore have no funds which could be deemed the proceeds of such assets (*Nelson Affidavit* paragraph 12). GGX has other equipment and assets with which it can and is continuing to conduct business and the proceeds of the GGX's existing business operations which have been deposited in its checking account are not proceeds of the assets listed on the Appraisal (*Nelson Affidavit* paragraph 13), and therefore should not be garnished.

Respondents have fully complied with the Summary Judgment Order and the Show Cause Order to the best of their respective abilities. Attached to the *Nelson Affidavit* submitted herewith are spread sheets (Exhibits D-1, D-2, and D-3), detailing the status of all of the assets on the Appraisal that were not located at GGX's business premises, including those assets which GGX or Mark Nelson never received and over which they did not exert any control (*Nelson Affidavit,* Exhibit D-1 ), those assets which broke during use and were discarded (*Nelson Affidavit,* Exhibit D-2) and those assets which are located at the Warehouse, have never been used by Respondents and have been surrendered to Plaintiff (*Nelson Affidavit,* Exhibit D-3).

Despite the surrender of items at the warehouse which are on the Appraisal and Plaintiff has yet to take possession of such items. The remaining assets on the Appraisal have been repossessed by Plaintiff from GGX's business premises.

C. An Accounting of Plaintiff's Collection Efforts is Required.

Respondents are also requesting the Court to review the collection actions taken by the Plaintiff as of the date hereof to determine whether Plaintiff should be allowed to proceed without an accounting as to what results its actions have produced to date. The Plaintiff has simultaneously engaged in three separate actions collections against GGX, including the removal of all assets listed on the Appraisal that could be found at GGX's business premises, the inventory of all of the business assets located at a warehouse to which GGX has access (where a significant amount of the items on the Appraisal were located), and the garnishment of GGX's checking account. Attached to *Nelsons Affidavit* as Exhibit C is also a complete listing of all of the other business assets located at the warehouse (which are not on the Appraisal and not subject to the Court's Order) that was prepared by Plaintiff's agents. Defendants and Respondents have tendered to Plaintiff all of the balance of the business assets located in the warehouse in the place and stead of any items on the Appraisal which GGX never received or that may no longer exist due to breakage. Respondents submit that by reason of the Plaintiff's completed collection activities and Respondents' offer to surrender the assets in the warehouse, Plaintiff may already be whole and its judgment satisfied and that further collection activities are not justified. The venerable *Uniform Commercial Code* standard of "commercial reasonableness" (see Minn. Stat. §§ 336.9-607, 608, 610 and 615) requires that Plaintiff at some point be forced to sell and account for what it has seized before it can proceed with further

collection for any alleged deficiency. Plaintiff's garnishment of GGX's accounts in essence constitutes an effort to collect a deficiency before Plaintiff has accounted for what it has already seized. GGX could be exposed to undue hardship and unnecessary damages if the Plaintiff is permitted to continue to engage in an all out "burnt earth" collection effort, without a periodic stay of such procedures to render an accounting to the Respondents and the Court of what it has seized and the commercial reasonableness of its disposition of such assets.

D. The Plaintiff's Collection Activities Should Be Stayed.

Rule 62(b) provides for a stay during the pendency of a motion for relief from judgment as follows:

> (b) Stay on Motion for New Trial or for Judgment.
>
> In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60.....

The reasons that Respondents are entitled to a stay under Rule 62(b) until the Court's determination of the issues raised by the Respondents have been argued hereinabove include the following:

1. The Respondents have requested relief from judgment under Rule 60(b) for clarification of the rights granted the plaintiff under the Court's Orders in this matter;

2. Respondents have fully complied with the Court's Order regarding the surrender of the assets deemed to have been fraudulently transferred and they have no other assets subject to the Court's Order in their possession; and

3. Respondents have tendered a large quantity of additional business assets to offset any damages that Plaintiff might suffer by reason of any assets that it never had in its possession or were discarded because of breakage.

Absent a stay of Plaintiff's collection activities during the adjudication of the scope of Plaintiff's collection rights under the Court's Orders, the matter may become moot in that GGX's very existence outside of a potential bankruptcy is endangered. Should the Court determine that Plaintiff has overstepped the bounds of its collection rights and in the meantime GGX has been forced to abandon its business, the victory may be quite hollow in the absence of an immediate stay.

## IV. CONCLUSION

For all of the reasons set forth above, Respondents request that the Court provided relief from judgment under Rule 60(b) by resolving any discrepancies in its Orders in favor of Respondents by limiting Plaintiff's collection remedies to those in directly pursuit of the fraudulently transferred assets or the proceeds there from and that the Court find that Respondents have fully complied with the Court Orders.

Dated: August 12, 2004

s/ Valdis A. Silins

Valdis A. Silins (Atty. Reg. No. 12221X)
Paige Fitzgerald Atty. Reg. No. 0303082)
Stephenson & Sanford P.L.C.
1905 E. Wayzata Blvd. Suite 220
Wayzata, MN 55391
952-404-2100

ATTORNEYS FOR RESPONDENTS

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Clarinda Color, LLC,

Plaintiff, Civil Action No. 00-CV-722 JMR/FLN

v.

BW Acquisition Corporation
Beowulf LTD., and Brian Nelson,

Defendants. **AFFIDAVIT OF MARK NELSON**

v.

Wulf Management Corporation
Mark Nelson and Great
Graphx.com, Inc.

Third-Party Respondents.

---

COUNTY OF HENNEPIN )
)ss.
STATE OF MINNESOTA )

Mark Nelson, being first duly sworn upon oath, states and deposes as follows:

1. Affiant is an officer of GreatGraphx.com, Inc. ("GGX"), a Third-Party Respondent in the above-referenced action.

2. Since the issuance of the Court's Show Cause Order on July 9, 2004, Affiant and GGX have made every effort to comply with the Court's Orders and Affiant believes that he has fully and in good faith complied with the Court's Orders, the Writ obtained by the Plaintiff and the on-site instructions of U.S. Marshal Steven K. Swensen.

3. First, Affiant and GGX have previously produced original copies of its books and records for the Plaintiff, many of which have yet to be returned, and on or about July 16, 2004, Affiant provided Plaintiff's counsel a copy of GGX's books and records on a disk.

4. The Court's Summary Judgment Order and the Show Cause Order directed Affiant and GGX to turn over to the Plaintiff all of the business assets described on the Hoff Appraisal dated April 19, 2000 (the "Appraisal") and attached to the Court's Summary Judgment Order (the "Appraisal"), and Affiant and GGX advised Plaintiff's counsel of its willingness to comply with such a turnover. A copy of the Appraisal, which lists 113 items is attached hereto as Exhibit A

5. On or about July 15, 2004, Plaintiff had the U.S. Marshal serve the Writ attached hereto as Exhibit B, and at that time the U.S. Marshall, Plaintiff's counsel and a number of Plaintiff's agents entered GGX's business premises at 9555 James Avenue South, Suite 218, Bloomington, Minnesota and inventoried and removed all of the items on the Appraisal that either Affiant or GGX had in their possession (4-5 tractor trailers were loaded and removed).

6. Plaintiff was advised that many of the items listed on the Appraisal were located at a warehouse facility located at 321 West 83rd Street, Bloomington, Minnesota (the "Warehouse"). Affiant and GGX provided access to the U.S. Marshal, Plaintiff's counsel and Plaintiff's agents to the Warehouse used by GGX on July 19, 2004. Plaintiff's counsel and Plaintiff's agents spent three days inventorying all of the various assets located therein, and a listing of all of the property located at the warehouse prepared by Plaintiff's agents (which includes 209 items of property) is attached hereto as Exhibit C.

7. Affiant has reviewed the Appraisal and the reports of Plaintiff's agents and has requested his counsel to prepare three (3) spread sheets to explain the Plaintiff's inability to find all of the items on the Appraisal at GGX's business premises (See Exhibits D-1, D-2 and D-3).

8. Affiant avers that there are thirteen (13) items listed on the Appraisal which neither Affiant nor GGX ever received and never have had in their possession, and about most of which, neither Affiant nor GGX have any information. (See Spread Sheet attached hereto as Exhibit D-1). Affiant alleges that items #1 and #4 on the Appraisal were removed by an individual named Dale Hanson who, upon information and belief, had leased such items to Plaintiff.

9. Further, Affiant alleges that a number of items broke or wore out in normal use while in GGX's possession and that such items were discarded. (See Exhibit D-2 attached hereto).

10. Finally, after review of the Appraisal and the Warehouse inventory Affiant alleges that there are at least 32 categories of items from the Appraisal located at the Warehouse. (See spread sheet attached hereto as Exhibit D-3).

11. In an effort to offset any losses suffered by the Plaintiff due to Affiant's and GGX's inability to produce all of the items listed on the Appraisal, Affiant and GGX have offered to surrender to Plaintiff the balance of the approximately 170 items located in the Warehouse.

12. Neither Affiant nor GGX have sold or in any manner transferred any of the assets described on the Appraisal, and therefore none of the funds in GGX's checking accounts represent proceeds from the sale of assets listed on the Appraisal.

13. GGX owns and operates business equipment that is not on the Appraisal, were not acquired with funds that were proceeds from the sale or transfer of any items on the Appraisal, and to which Plaintiff has no claim under the Court's Orders. By reason of its ownership of such business assets GGX is able to continue to conduct business.

14. During the repossession of the business assets, Plaintiff also garnished GGX's checking account at the Stearns Bank, (see copy of garnishment attached as Exhibit E. Affiant avers that none of the funds in said checking account are the proceeds of the fraudulently transferred

assets.

15. Affiant respectfully submits that Affiant and GGX have completely complied with the Court's Orders and that all of the assets of Wulf which Affiant and GGX had in its possession have been surrendered to Plaintiff.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated: August 10, 2004

Mark Nelson

Subscribed and sworn to before me
this 10th day of August, 2004.

Notary Public

MARY RUTH PETERSEN
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

HOFF APPRAISAL ASSOCIATES

2543 Marshall Street N.E. • Minneapolis, MN 55418
(612) 782-0688 • Fax: (612) 782-0687

April 19, 2000

Mr. Brian Nelson
Wulf Management Corporation
417 1st Avenue North Suite 200
Minneapolis Minnesota 55401

Dear Mr. Nelson,

Pursuant to your request, I have prepared the following appraisal of the Machinery and Equipment located at Beowulf Ltd. St. Paul, Minnesota. I, as an AMEA CEA Appraiser of Hoff Appraisal Associates have prepared this report to presently accepted USPAP Standards.

The Cost, Income and Market Approaches were considered for this appraisal and have either been utilized where necessary or deemed to be inappropriate for the value conclusions found in this report.

It is my opinion that as of April 17, 2000 the Machinery and Equipment has a Fair Market Value of $491,325 00.

The "FAIR MARKET VALUE", being as follows:

> "FAIR MARKET VALUE", as used in this report, is defined as an opinion, estimated in terms of money which the subject machinery and equipment would bring if exposed for sale in the open market by a seller who is willing, but not obligated, to sell. Fair Market Value is frequently referred to as the price at which a willing seller would sell, and a willing buyer would buy, neither being under duress or compulsion to do so. Fair Market Value appraisals of machinery and equipment do not include cost of transportation, foundations, piping, or power wiring, applicable to each machine, and are not considered in the total values expressed in the appraisal. State and local taxes are not considered.

EXHIBIT
A

Mr. Brian Nelson
Wulf Management Corporation
417 1st Avenue North Suite 200
Minneapolis Minnesota 55401

It is my opinion that as of April 17, 2000 the Machinery and Equipment has a "ORDERLY LIQUIDATION VALUE" of $313,190.00.

The "ORDERLY LIQUIDATION VALUE", being as follows:

> "ORDERLY LIQUIDATION VALUE", as used in this report being defined as an opinion, estimated in terms of money which the subject machinery and equipment would bring if exposed for sale at a Public Liquidation Sale over the term of not to exceed one year. Sale commissions and expenses would be deducted from the gross sale proceeds in determined net cash proceeds to the seller.

As an Agent of Hoff Appraisal Associates I certify that Hoff Appraisal Associates has no interests in the subject appraised machinery and equipment, and that the fee for our services was not contingent upon the appraisal values. No investigation has been made for possible encumbrances against the machinery and equipment.

Mr. Hoff has been actively engaged in Industrial Appraisals for over 30 years. Mr. Hoff is currently a member in good standing of the Association of Machinery and Equipment Appraisers, an associate member of the International Society of Appraisers, and is also a past Officer of the MDNA.

Yours Truly,

Dennis Hoff, CEA
President
HOFF APPRAISAL ASSOCIATES

DH:ml

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | CAMERA | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 1 | 1-Used Bronica Model SQA-M Camera, Serial No. 1300242, Early 90's Vintage, W/4 Lenses, Including, (1) Wide Angle, Tripod, Related Attachments | $5,000 00 | $7,500.00 |
| 2 | 1-Used Digital Camera Back, Megavision Model T-2, Also Includes (2) Schneider MDL. 90 And MDL. 20 Auto-Aperature Lenses | 12,500.00 | 20,000 00 |
| 3 | 1-Used Lot Photography Studio Equipment, Includes (2) Norman Model 2000 Power Packs, (4) Lamp Heads, (4) Light Stands, (3) Racks, Asstd. Props, Background, ETC., Includes All Litho Equipment And Accessories Not Otherwise Listed | 5,000.00 | 7,500.00 |
| 4 | 1-Used Camera, D.S./Dainappon Screen, MDL. C-2600D, Not Physically Inspected, Appraised From List Provided | 1,000.00 | 2,000.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | COMPUTERS/MONITORS | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 5 | 1-Used Computer Desktop Publishing System, A-Open, Full Tower Unit, With CD Rom, Viewsonic 17" Graphics Color Display Monitor | $500.00 | $750.00 |
| 6 | 1-Used Computer Desktop Publishing System, Apple, Macintosh Quadra 650 With Super Mac 20" Graphics Color Display Monitor | 500.00 | 750.00 |
| 7 | 1-Used Computer Desktop Publishing System, Apple, Power Macintosh 8500/120, With 17" Graphics Color Displays Monitor | 1,000.00 | 2,000.00 |
| 8 | 1-Used Computer Desktop Publishing System, Apple, Macintosh 8500/120 Tower Unit, With 17" Color Display Monitor | 1,000 00 | 2,000.00 |
| 9 | 1-Used Computer Desktop Publishing System, Apple, G4, New System, With Viewsonic 21" Graphics Color Display Monitor | 2,500.00 | 3,500.00 |
| 10 | 1-Used Computer Desktop Publishing System, Apple, Power Macintosh G3 Full Tower Unit, With Viewsonic 21" Gaphics Color Display Monitor | 1,500.00 | 2,500.00 |
| 11 | 1-Used Computer Desktop Publishing System, Power Computing, Power Center Pro 240 With Viewsonic, 21" Graphics Color Display Monitor | 1,500.00 | 2,500.00 |
| 12 | 1-Used Computer Desktop Publishing System, Apple, Power Macintosh 8100/110 With Super Match 21" Graphics Color Display Monitor | 1,000.00 | 2,000.00 |
| 13 | 1-Used Computer Desktop Publishing System, Apple, Power Macintosh G3 Full Tower Unit, With Viewsonic 21" Graphics Color Display Monitor | 2,000.00 | 3,000.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | COMPUTERS/MONITORS (Page #2) | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 14 | 1-Used Computer Desktop Publishing System, Power Computing Power Center Pro 240 Tower Unit, With 21" Graphics Color Displays Monitor | $1,500.00 | $2,500.00 |
| 15 | 1-Used Computer Desktop Publishing System, Apple Power Macintosh G3 Full Tower Unit, With Viewsonic 21" Graphics Color Display Monitor | 1,500 00 | 2,500.00 |
| 16 | 1-Used Computer Desktop Publishing System, Apple Power Macintosh G3 Full Tower Unit, With 21" Graphics Color Display Monitor | 1,500 00 | 2,500.00 |
| 17 | 1-Used Computer Desktop Publishing System, Apple, Power Macintosh 7100/66, 20" Graphics Color Displays Monitor | 500.00 | 750.00 |
| 18 | 1-Used Computer Desktop Publishing System, Apple, Power Macintosh 7100/80 Desktop With Magnavox 14" Color Monitor | 350.00 | 500.00 |
| 19 | 1-Used Computer Desktop Publishing System, Apple, Macintosh Quadra 950 Tower Unit, With 14" Color Display Monitor | 350.00 | 500.00 |
| 20 | 1-Used Computer Network Server, Apple, Power Macintosh 8100/80, With 17" Color Display Monitor | 500.00 | 750.00 |
| 21 | 1-Used Computer Network Server, M-Systems Pentium Tower Unit, With Zeos 14" Color Display Monitor | 500.00 | 750.00 |
| 22 | 2-Used Computer Systems, Apple, G3 Desktop, With 17" Color Displays Monitor | 2,500.00 | 3,500.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | COMPUTERS/MONITORS | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 23 | 2-Used Computer Systems, Apple, Quadra 650 With 14"-15" Color Display Monitor | $150.00 | $200.00 |
| 24 | 1-Used Computer System, Apple, Quadra 610, With 14" Color Display Monitor | 75.00 | 100.00 |
| 25 | 1-Used Computer System, Apple Quadra 650, With 21" Color Display Monitor | 350.00 | 500.00 |
| 26 | 1-Used Computer System, Apple, Quadra 950 Tower Unit, With 17" Color Display Monitor | 250.00 | 350.00 |
| 27 | 1-Used Computer System, Apple, Quadra 700, 14" Color Display Monitor, Older Technology | 40.00 | 50.00 |
| 28 | 1-Used Computer System, Apple, Quadra 950, With Gateway 14" Color Display Monitor | 75.00 | 100.00 |
| 29 | 1-Used Computer System, Apple, Power Mac G3, With 21" Color Display Monitor | 1,500.00 | 2,000.00 |
| 30 | 1-Used Computer System, Power Mac G4, w/21" Color Display Monitor | 2,500.00 | 3,500.00 |
| 31 | 1-Used Computer System, Apple Power Mac 8100/80, With 21" Color Display Monitor | 350.00 | 500.00 |
| 32 | 1-Used Computer System, Apple, Power Mac 7100/66, With 17" Color Display Monitor | 250.00 | 350.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | COMPUTERS/MONITORS | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 33 | 2-Used Computer Systems, Power Computing, Model 210, Each With Sony And Apple 21" Graphics Color Display Monitors | $1,500.00 | $2,000.00 |
| 34 | 2-Used Computer Systems, Tiger, GT200 Pentium Tower Unit, With Sampo 17" Color Display Monitors | 700.00 | 1,000.00 |
| 35 | 1-Used Computer System, ~~Pentium Tower~~ Unit, With Viewsonic 21" Color Display Monitor | 600.00 | 750.00 |
| 36 | 1-Used Computer System, M-Systems, Pentium Tower, Color Display Monitor | 350.00 | 500.00 |
| 37 | 1-Used Computer System, Desktop PC, With Sony C15 Color Display Monitor | 200.00 | 250.00 |
| 38 | 1-Used Computer System, 486/120 Full Tower Unit, With Panasonic Monitor | 50.00 | 75.00 |
| 39 | 1-Used Computer System, Trademark, Pentium Tower Unit | 300.00 | 500.00 |
| 40 | 1-Used Computer System, Gateway Model HDX2-50 | 75.00 | 100.00 |
| 41 | 7-Used Computer Monitors, Super Mac 21", (5) Not Physically Inspected, (AVG) | 2,100.00 | 2,800.00 |
| 42 | 1-Used Computer System, Apple, Macintosh 8500/120 | 350.00 | 500.00 |
| 43 | 1-Used Computer System, Dyna 386 Upgraded to 486 Full Tower Unit, Monitor | 50.00 | 75.00 |
| 44 | 1-Used Computer System, A-Open, Pentium Tower Unit, With Acer 17" Color Display Monitor | 350.00 | 500.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM# | COMMUNICATIONS | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 45 | 1-Used Lot Computer Network Server System, Compaq, Proliant 6000 Mini/Main Frame Unit Model V50 Monitor,(3) Asstd. Raid Disk Array Units, Overload DLT Loader Xpress Tape Backup Unit, (3) 3-Com Ethernet Hub Units, Cisco 2500 Router, Asstd Modems, Rack, All Related Peripheral and Accessories, Also Includes 108 GIG Raid Slave and 90 GIG Raid Slave Drives | $25,000.00 | $50,000.00 |
| 46 | 1-Used Computer Network Server, Data General, Aviion, With Raid Disk Array Unit, Related Equipment | 4,000.00 | 7,500.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | COMPUTER SUPPORT | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 47 | 1-Used Lot Computer External Drives, Consists of Iomega Zip Drives, Iomega Jaz Drives, Seagate 2-Gigabyte Hard Drives Syquest 200 Megabyte Drives Asstd. Optical Drives, ETC., Located Throughout, Approx. (75) Total, Estimate Only | $4,500.00 | $9,000.00 |
| 48 | 1-Used lot Fonts, Apple Macintosh, Adobe, Bitstream, Emire, Font Company Library, Langston Company Library, Linotype, Miscellaneous Postscript, Not Physically Inspected, Appraised From List Provided | 3,750.00 | 7,500.00 |
| | 1-Used Lot External Drives, Consist Of Micronet 1-Gigabyte Optical External Cartridge Tape Drive, 2-Gigabyte Removal Hard Drive, Iomega Zip Drives Mirror Exterior CD Rom, *W/Computer External | | |
| | 1-Used Lot Software, Asstd., *Not Considered | | |
| | 1-Used Lot Surge/UPS Units, Asstd., *Valued Elsewhere | | |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | LITHO | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 49 | 1-Used Lot Analog Proofing System Consist of Imation Model 447AFR Match Print Proofer With S/N 104181, 3M Model 2430Au Laminator with S/N 3933-470, Douthitt Model Bosx Vacuum Frame With S/N 49037, 37"x48" With 50 Amp Lighting System, Expo 19 Digital Light Integrator Control, All Related Peripheral Equipment and Accessories | $4,000.00 | $6,500 00 |
| 50 | 1-Used Analog Proofing System, Consist Of 3M Model 447DF Match Print Proofer, S/N 105464, 3M Model 2430CU Laminator With S/N 5971-2172, Douthitt Model Bosx Vaccuum Frame With S/N 53253, 33"x43", With 50 Amp Light Source, Expo 19" Digital Light Integrator Control, All Related Equipment and Accessoriess | 4,000.00 | 6,500.00 |
| 51 | 1-Used Film Processor, Kodak Kodamatic 960, Approx, 40", Silver Recovery System | 1,250.00 | 2,000.00 |
| 52 | 1-Used Processor Mixing Unit, Kodak, Automixer II Plus, Stand Alone Unit | 1,000.00 | 1,500.00 |
| 53 | 1-Used Vacuum Frame, Douthitt, Model Bench-X, S/N 48693-A, 33"x43", With AGFA Light Source, Olixai-970 Integrator Control Unit | 1,000.00 | 1,500.00 |
| 54 | 1-Used Light Table, Brown, Approx. 72"x52" | 750.00 | 1,000.00 |
| 55 | 3-Used Light Tables, Roconex. Model PST-63S, Approx. 63"x43", S/N'S 1157-TD 1158-TD, And 1259-UA | 1,800.00 | 2,400.00 |
| 56 | 1-Used Developing Sink, Nurac, Model FDS18, S/N 97H83-13 | 250.00 | 500.00 |
| 57 | 1-Used Laminator, Dupont, Chromalin, Approx, 30" | 200.00 | 300.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | LITHO | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 58 | 1-Used Vacuum Frame, Approx. 84"x62", No MFG, Plate Available, With Approx. 50 Amp Light Source, Expo 19" Light Integrator Control, Related Equipment | $3,000.00 | $4,000.00 |
| 59 | 1-Used Plate Punch, Carlson, Approx. 50"x48" | 400.00 | 600.00 |
| 60 | 1-Used Plate Punch, Carlson, Plexiglas, Approx. 30"x28" | 125.00 | 175.00 |
| 61 | 1-Used Paper Trimmer, Rotatrim, Approx 48" | 150.00 | 200.00 |
| 62 | 1-Used Light Table, Approx. 62"x42" | 600 00 | 800.00 |
| 63 | 1-Used Light Table, Approx. 50"x36" | 500.00 | 650.00 |
| 64 | 3-Used Light Tables, Approx. 40"x30" | 1,050.00 | 1,350.00 |
| 65 | 3-Used Light Tables, Approx. 32"x24" | 750.00 | 975 00 |
| 66 | 1-Used Revolving Darkroom Door, Approx. 36" | 250 00 | 400.00 |
| 67 | 1-Used Film Dryer, AGFA, Copy Proof WD66, Not Physically Inspected, Appraised From List Provided | 350.00 | 450.00 |
| 68 | 1-Used Film Processor, D.S./Dainappon Screen, MDL. LD-260-Q, Not Physically Inspected Appraised From List Provided | 2,500.00 | 3,500.00 |
| 69 | 1-Used Film Processor, Pako, MDL. 2024, Not Physically Inspected, Appraised From List Provided | 1,500.00 | 2,500.00 |
| 70 | 1-Used Lot Water Panels, Asstd., Not Physically Inspected, Appraised From List Provided | 500.00 | 700.00 |
| 71 | 1-Vacuum Frame, Teaneck, Includes Lamps And Power Supplies, Not Physically Inspected, Appraised From List Provided | 1,500.00 | 2,500.00 |
| 72 | 1-Used Plate Punch, Ternes, 48"x36", W/Film Punch, Not Physically Inspected, Appraised From List Provided | 250.00 | 300.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | OFFICE FURNITURE & EQUIPMENT | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 73 | 1-Used Copier, MTA, Model DC-1656 | $400 00 | $700 00 |
| 74 | 1-Used Fax Machine, Pitney Bowes, Model 8000, Older Technilogy | 25.00 | 30.00 |
| 75 | 1-Used Fax Machine, Panasonic, Model KX-FP200 | 50.00 | 75.00 |
| 76 | 1-Used Fax Machine, Panafax UF-788 | 450.00 | 600.00 |
| 77 | 1-Used Telephone System, Lucent, Merlin Key Service Unit, Asstd. Multi-Line Telephones, Also Includes Norstar Voice Mail System | 4,000.00 | 7,500.00 |
| 78 | 1-Used Lot Office Machines, Consists of Typewriter, (7) Asstd. Calculators, (2) Desk Type Graphiclite View Boxes, (2) Paper Cutter, Siltec Digital Scale, DirtDevil Vacuum Cleaner, MGA TV, Mitsubishi VCR Whirlpool Refrigerator, Montgomery Ward Microwave Oven, Amano Time Stamp, 6' Wood Stepladder, (2) Dollies, Easel, Located Throughout | 800.00 | 1,250 00 |
| 79 | 1-Used Lot Furniture Consist Of Asstd. Bookcases, Cabinets, Chairs, Chair Pads, Credenzas, Desks, File Cabinets, Lamps, Office Partitions, Racks Sections, Tables, ETC., Located Throughout | 12,000.00 | 18,500.00 |
| | 18-Used Bookcases, Asstd., Wood And Steel, *W/Office Furniture | | |
| | 12-Used Cabinets, Asstd., *W/Office Furniture | | |
| | 80-Used Chairs, Asstd., *W/Office Furniture | | |
| | 28-Used Chair Pads, Plastic, *W/Office Furniture | | |
| | 4-Used Credenzas, Includes (1) Executives Traditional Type, *W/Office Furniture | | |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | OFFICE FURNITURE & EQUIPMENT | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| | 23-Used Desks, Asstd., Includes (2) Executives Traditional Type, *W/Office Furniture | | |
| | 45-Used File Cabinets, Asstd., *W/Office Furniture | | |
| | 6-Used Lamps, Includes (1) Floor Type, *W/Office Furniture | | |
| | 10-Used Office Partitions,*W/Office Furniture | | |
| | 13-Used Rack Selections, Asstd., *W/Office Furniture | | |
| | 39-Used Tables, Asstd., Includes (1) Conference Type, *W/Office Furniture | | |
| 80 | 1-Used Lot Office Furniture & Equipment, Located in Photography Studio, Consisting Of Cabinet, (3) Chairs, (2) Desks, (3) Rack Sections, View Box, ETC. | 300.00 | 400.00 |
| | 1-Used Lot Kenex Reporting System, Not Physically Inspected, *Not Considered | | |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | PRINTERS | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 81 | 1-Used Digital Proofing Systems, Iris Model 3024, 4-Color, Approx. 24" With Related Peripheral Equipment And Accessories, Older Technology | $5,000.00 | $7,500.00 |
| 82 | 1-Used Desktop Color Proofing System, 3M Rainbow Table Model | 3,500.00 | 5,000.00 |
| 83 | 1-Used Computer Laser Printer, Tektronix Tekcolor Model BO1576, S/N 4699BX, 4-Color | 2,500.00 | 4,000.00 |
| 84 | 1-Used Imagesetter, Scitex Dolev 200, S/N Not Readable, Stand Alone Unit | 5,000.00 | 7,500.00 |
| 85 | 1-Imagesetter, Scitex, Dolev 800, Principle Indicates 1995-96 Vintage, 33"x34", Not Physically Inspected, Located In Locked Storage Room In Basement | 25,000.00 | 40,000.00 |
| 86 | 1-Used Imagesetter, Linotype-hell, Herkules S-Pro With Rip 50 Stand Alone Computer/Rip System, All Related Peripheral Equipment And Accessories | 35,000.00 | 50,000.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | PRINTERS | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 87 | 1-Used Desktop Color Proofing System, 3M, Rainbow, Model 270AFN, S/N R100246, Full Color Sublimation Printer Table Model | $4,000.00 | $7,000.00 |
| 88 | 1-Used Computer Printer, Hewlett Packard, Laserjet 5SI | 900.00 | 1,250.00 |
| 89 | 1-Used Computer Printer, Hewlett Packard Laserjet 4MV | 500.00 | 700.00 |
| 90 | 1-Used Computer Printer, Hewlett Packard | 350.00 | 500.00 |
| 91 | 1-Used Computer Printer Hewlett Packard Deskwriter 680C | 100.00 | 150.00 |
| 92 | 1-Used Computer Printer, LaserMaster 1800PM-R | 800.00 | 1,000.00 |
| 93 | 1-Used Computer Printer, Data Products, Model LZR1560 | 450.00 | 600.00 |
| 94 | 2-Used Computer Printers, Apple Laserwriter II | 300.00 | 400.00 |
| 95 | 1-Used Computer Printer, Apple Laserwriter Select | 200.00 | 250.00 |
| 96 | 1-Used Computer Printer, Epson, Stylus Color 850 | 75.00 | 95.00 |
| 97 | 1-Used Computer Printer, Epson Stylus Color 800 | 100.00 | 150.00 |
| 98 | 1-Used Computer Printer, H-P, Deskjet 660, Not Physically Inspected, Appraised From List Provided | 1,500.00 | 2,500.00 |
| 99 | 1-Used Imagesetter, Linotronics, MDL. L-300, W/Rip30, Not Physically Inspected Appraised From List Provided | 2,000.00 | 3,000.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | PRINTERS Page #2) | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 100 | 1-Imagesetter, Linotronics, MDL, L-330, W/Rip4, Not Physically Inspected, Appraised From List Provided | $4,000.00 | $6,000.00 |
| 101 | 1-Used Imagesetter, Linotronics, MDL. L-530, W/Turbo Rip40, Not Physically Inspected, Appraised From List Provided | 7,500.00 | 12,500.00 |
| 102 | 1-Used Imagesetter, Linotronics ,MDL. 630, Not Physically Insepcted, Appraised From List Provided | 25,000.00 | 35,000.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | SCANNERS | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 103 | 1-Used Scanner, Hell, Chromagraphy 3900 Drum Type, Includes Chromaset P330 Drum Mounting Machine Power Computing Power Center Pro 240 Peutuim Tower Computer System With Mitsuibishi 21" Big Screen Graphics Color Display Monitor, (2) Siemens Nixdorf 15" Color Display Monitors, (3) Hammer External Cartridge Drives, All Related Peripheral Equipment And Accessories | $35,000.00 | $50,000.00 |
| 104 | 1-Used Densitometer, X-Rite, S/N 07865, Model 36TT, Digital | 500.00 | 750.00 |
| 105 | 1-Used Densitometer, Tobias, Model TB Plus-U, S/N 531P Digital | 500.00 | 750.00 |
| 106 | 3-Color Viewing Booths/Cabinets, CVS Graphiclite, (Average) | 3,000.00 | 4,500 00 |
| 107 | 1-Densitometer, Macbeth, Model TD904, | 800.00 | 1,000.00 |
| 108 | 1-Used Scanner, AGFA Arcus II, Not Physically inspected, Appraised From List Provided | 200.00 | 275.00 |
| 109 | 1-Used Scanner, Microtek, IIXE, Color Scanner, 1200DPI, Not Physically Inspected, Appraised From List Provided | 100.00 | 150.00 |

HOFF APPRAISAL ASSOCIATES
612 782-0688 • Fax 612 782-0687

| ITEM # | SCITEX | ORDERLY LIQUIDATION | FAIR MARKET |
|---|---|---|---|
| 110 | 1-Used Computer Pre-Press Workstation Scitex Postscriptrip Star PS Ripping/ Strapping System, With Sampo 17" raphics Color Display Monitor, elated Equipment | 3,000.00 | 5,000.00 |
| | ed Scanner, Scitex, Smart, Flatbed, Physically Inspected | 2,500.00 | 4,000.00 |
| | ~~Computer Desktop Publishing~~ station, Scitex, Star Lite 90 Pentium With Ripping/Trapping System, Not Physically Inspected | ~~1,500.00~~ | ~~2,500.00~~ |
| 113 | 1-Used Lot Data Tapes Includes (364) 4-GB (65) 1.2-GB, (450) 660MG Storage Optical Cursory Inspection | 3,000.00 | 6,000.00 |
| | TOTAL MACHINERY & EQUIPMENT | $313,190.00 | $491,325.00 |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

### WRITE OF EXECUTION

Case Number: 00-CV-722 (JMR/FLN)

**TO THE MARSHAL, SHERIFF OR OTHER DESIGNATED PERSON**

HENNEPIN COUNTY, STATE OF MINNESOTA

YOU ARE HEREBY COMMANDED, that of the goods, chattels, lands and tenements in your district

belonging to Wulf Mgmt. Corp. and Great Graphx (Insert name of debtor on line)

you cause to be made and levied as well a certain debt of $ 401,872.82

AMOUNT OF JUDGMENT: (Final Judgment & any info regarding partial satisfaction)

$401,872.82 plus interest from and after May 2, 2001 in the amount of $48,092.29 to be satisfied out of the sale of assets, or their equivalent value in cash, whether in hands of Wulf Mgmt. or Great Graphx. Said assets are listed in Exhibit A to the Sale of Assets Agreement (Pl. Ex. 14).

in the United States District Court for the District of Minnesota, before the Judge of said Court by the consideration of the same Judge lately recovered against the said Wulf Mgmt. Corp. and Great Graphx (Name of debtor) and also the costs that may accrue under this writ.

And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

| | |
|---|---|
| PLACE: | DISTRICT: |
| CITY: | DATE: |

Witness the Honorable: (Name of judge) James M. Rosenbaum

| | |
|---|---|
| DATE: 6/29/04 | CLERK OF COURT: RICHARD D. SLETTEN |
| | (By) DEPUTY CLERK: Jacque Nenl |

**RETURN**

| | |
|---|---|
| DATE RECEIVED: | DATE OF EXECUTION OF WRIT: |
| **This writ was received and executed.** | |

| | |
|---|---|
| US Marshal or Sheriff | (by) Deputy Marshal or Deputy Sheriff |
| or Other Official | title: |

EXHIBIT 3

G:\XFR\Lyndaforms\newforms\writofexecut.wpd

Form Modified 05/20/03

**WAREHOUSE INVENTORY LIST**

#1 Round table top
#2 Wooden white board
#3 Model D-7 dispenser
#4 Undetermined number of plastic and metal file folders
#5 5' office divider
#6 Scitex Whisper 486
#7 Kodak Approval Interface Module
#8 Scitex Dolev 200 Topassy 1993 and basket
#9 Dupont Cromalin Laminator
#10 10' wooden table top
#11 Pedistal
#12 6 chairs
#13 3 chairs
#14 Teacneck Graphics Series S Instant Fast Draw Vacuum Frame System
#15 Kodak Gray Scale
#16 Frame
#17 4 Metal shelves
#18 3 metal and wood tables
#19 large format UV filter
#20 Unknown number of Norstar phones
#21 Unknown number of Norstar phones and manuals
#22 Meridian Norstar phone system
#23 Cutting table
#24 2 table top corner desks
#25 MacBeth Prooflite Viewer and Color Viewing Luminaire
#26 Laminator
#27 Panasonic E2S copier
#28 Box of Scitex manuals
#29 Iris Printer 3024
#30 3M MP2425 Processor
#31 4 water meters
#32 Surge protectors, extension cords, cat. 5 cable
#33 Electric table adjustable height
#34 5' table top
#35 6' table top
#36 5' wooden and metal desk with drawers
#37 Scitex Smart Plus
#38 10 chairs
#39 5' partition for office
#40 Miscellaneous cat. 5 cable, plastic sleeves. Plastic cable conduit
#41 White drawing table
#42 5' book shelf
#43 Walnut desk with return
#44 5' wood and plastic computer desk
#45 Scitex Whisper 486
#46 5' desk
#47 Miscellaneous cables, circuit boards, motors, fans
#48 M systems CPU
#49 8 back-up tapes, 2 hard drives, Rorke data hard drive reader, hard drive carrier
#50 Scitex console assy. 16"X20" ser. 002368 and Scitex Xonsole assy Star

EXHIBIT C

#51 Metal book case
#52 Hell
#53 Revolving dark room door, 9 plastic garbage cans
#54 2 – metal 10 drawer blue print files
#55 Scitex Smart Scanner box
#56 5 monitors 15" various brands
#57 Epson LQ-800 Dot Matrix
#58 Boxes of job tickets
#59 Scitex hardware, keyboards, cables
#60 Scitex manuals and cartridges
#61 Fonts
#62 Fonts
#63 Fonts
#64 Fonts
#65 Comp. light integrators and proofing light entegrators
#66 Software and mouse pads
#67 2 – 40" wide metal file cabinets

# WAREHOUSE TWO INVENTORY LIST

#1 Undetermined number of plastic and metal file folders
#2 67" wide metal, anti-static computer desk
#3 Job ticket boxes
#4 Antique grain cart
#5 10 conference table chairs
#6 Conference table with legs
#7 Antique grain cart
#8 16' conference table, red oak finish
#9 2 – 6' 4-drawer later files
#10 8' Red veneer conference table
#11 3' Golden printed ornamental cross
#12 2' Naugahyde guest chairs
#13 3' reception desk
#14 High back leather executive chair
#15 Spiral binder
#16 Royal shredder VS9512C cross-cut
#17 Kenmore refrigerator/freezer
#18 6'x4' framed art work
#19 6 steel 4-drawer lateral files, 4 black, 2 ivory
#20 9 monitors various manufacturers
#21 Boxes of documents and cart
#22 Paper cutter
#23 Microtek Scan Maker, Pitney Bowes 8000
#24 Refrigerator with door
#25 3 hard drive readers, 1 Hammer disc drive, 1 tape drive
#26 2 Macintosh Quadra 950 CPU, Quadra 900 CPU
#27 Keyboard stand
#28 3M desk top color proofing system
#29 4 monitors
#30 6 monitors
#31 Chair mat
#32 Sandman light table
#33 Violux 8002T
#34 NUARC light table
#35 4 desks, 2 2-drawer file cabinets
#36 Lakewood space heater, Sunbeam humidifier
#37 Miscellaneous and Texas Instruments 5140 calculator
#38 81/2x14 paper cassette, fire extinguisher, Barco nv video and communications amplifier
#39 Mita DL-1656 copier
#40 Miscellaneous and paper, vacuum hose, phone, toner, Rival titan space heater, propane tank, fire extinguisher, copier paper cassettes, mason jar
#41 Densitometer
#42 2-drawer file cabinet, computer desk
#43 In and out board, key board, Integrator and accessories from old large format frame
#44 3 CPUs, 2 servers
#45 5 keyboards
#46 LM Laser Master, 6 optical disc drivers, 1 tape drive, 1 CPU, 1 monitor
#47 4 Agfa-Gevaert, keyboard, Wacom digitizer, cat. 5 cable
#48 Black monitor
#49 Box of circuit boards

#50 Mac PC and monitor, keyboard, mousse, external modem
#51 Christmas tree and stand
#52 Box of cables
#53 PC data display projection panel
#54 2 computer cards unknown
#55 Cat. 5 cable
#56 AC adapters
#57 2 adding machines
#58 Unknown Mac and PC software and manuals
#59 Data General server
#60 Dot matrix printer
#61 Box of various manuals
#62 Tool box
#63 Box of data cartridges and tapes
#64 Box of mother boards
#65 Miscellaneous steel drawers, 4-drawer lateral file
#66 Box of miscellaneous cords and cables
#67 Christmas decorations
#68 6 optical disc drives
#69 3 optical disc drives, 1 floppy drive
#70 Scitex Star PS 486
#71 5 various storage drives
#72 Box of external storage devices with AC adapters
#73 Bogen Model C208
#74 Various electrical components
#75 2 Printon Light Integrators and cables
#76 9 external storage devices, 2 Selecto switches, 1 AB switch, 1 router
#77 2 modems, 3 routers, control panel and cords
#78 2 Scitex Smart Scanner related things
#79 Data General 2200 VA
#80 X-Rite, dark box
#81 Printer laser, air compressor
#82 Undetermined number of Lucent phones
#83 Undetermined number of Lucent phones
#84 2 routers, cords and paperwork
#85 Ericsson Vehicle Handsfree Kit
#86 Undetermined number of bricks
#87 4 boxes of peripheral computer accessories
#88 3 boxes of cat. 5 cable, video cards, extension cords
#89 AB switches, modem, miscellaneous wall plates
#90 CD Rom drive, optical disc drive, router, external storage device with cat. 5 cable
#91 Pendaflex folders, 1 light bulb, door latches, casters, 2 water pressure regulators, calking gun, caps
#92 JP Data graphics printer
#93 Fluorescent bulbs
#94 4 keyboards, 1 monitor, AB switch, cords, cables
#95 2 mother boards and power supply
#96 Box of cables
#97 Unreachable shelf items, compressor, Christmas decorations, twine, plastic magazine holders
#98 Table
#99 Manuals, Cisco 2500 series, cables, Stabiline TVS302CU Transient Voltage Suppressor, 2 ATI modems
#100 Scitex manuals

#101 Cado printer
#102 Stabiline TVS302CU Transient Voltage Suppressor, Versyss
#103 Christmas decorations
#104 4-drawers filled with Christmas decorations
#105 Router
#106 6 stackable 51/4" floppy disc storage
#107 Unknown item
#108 Cat. 5 cable, wall mount connectors
#109 Lakewood heater, cover unknown
#110 7 boxes Kodak contact screens
#111 Table legs, fluorescent bulb, empty tube
#112 Color viewing table, fluorescent bulbs
#113 Color viewing table, fluorescent bulbs (additional view of #112)
#114 8 chairs
#115 Box of chair bottoms, bulbs, air cleaner, etc.
#116 UPIS box for Prisma
#117 Typing table, particle board, bricks
#118 File cabinet
#119 Printer table
#120 2 tables
#121 Chair, rug
#122 Table top and legs disassembled, orange promask, 2 desks
#123 3 desks
#124 2 end tables, 10 fluorescent bulbs 8', 4 desks
#125 Cart with cardboard flats, Scitex motherboard, 2 metal drawers
#126 2 particle board cubes
#127 2 2-drawer file cabinets
#128 2 filters, monitor stand, unknown hardware, sweater box
#129 Unknown trays
#130 3 unknown computer CPUs
#131 3 metal frames
#132 Ironing board, chair
#133 4-drawer lateral file, 5-drawer file, 4-drawer file
#134 Antique hideaway bed and cart
#135 Antique hideaway bed and cart (additional view of #134)
#136 3 antique chairs and cart
#137 3 antique chairs and cart (additional view of #136)
#138 7 antique prints, 2 desks
#139 7 antique prints, 2 desks (additional view of #138)
#140 7 antique prints, 2 desks (additional view of #138)
#141 Miscellaneous items and cart, 2 space heaters
#142 9 metal and wood racks

# ITEMS NOT RECEIVED

| Appraisal Item Number | Appraised Value |
|---|---|
| 1 | $7,500.00 |
| 4 | $2,000.00 |
| 67 | $450.00 |
| 68 | $3,500.00 |
| 69 | $2,500.00 |
| 71 | $2,500.00 |
| 72 | $300.00 |
| 85 | $40,000.00 |
| 98 | $2,500.00 |
| 99 | $3,000.00 |
| 100 | $6,000.00 |
| 101 | 12,500.00 |
| 102 | $35,000.00 |
| | **$117,750.00** |

**Exhibit D-1**

# ITEMS BROKEN DURING USE / THROWN OUT

| Appraisal Item Number | Appraised Value |
|---|---|
| 18 | $500.00 |
| 34 | $500.00 |
| 40 | $100.00 |
| 42 | $500.00 |
| 43 | $75.00 |
| 64 | $450.00 |
| 74 | $30.00 |
| 75 | $75.00 |
| 78 | $1,250.00 |
| 94 | $200.00 |
| 109 | $150.00 |
| | $3,830.00 |

**Exhibit D-2**

# INVENTORY AT WAREHOUSE

| Appraisal Item Number | Cross Reference to Warehouse Lists #(s) 1&2 |
|---|---|
| 9 | W-2-20,29 &30 |
| 16 | W-2-50 |
| 19 | W-2-26 |
| 22 | W-2-26 |
| 26 | W-2-26 |
| 30 | W-2-20,29 &30 |
| 33 | W-2-44 |
| 35 | W-2-44 |
| 37 | W-2-44 |
| 38 | W-2-44 |
| 41 | W-2-20 |
| 42 (MONITORS) | W-2-29 |
| 43 (MONITORS) | W-2-29 |
| 57 | W-1-9 |
| 58 | W-1-14 |
| 61 | W-2-22 |
| 64 | W-2-32 & 34 |
| 65 | W-2-32 & 34 |
| 66 | W-1-53 |
| 73 | W-2-39 |
| 77 | W-1-20, 21 & 22 |
| 78 | W-2-37 & 57 |
| 81 | W-1-29 |
| 82 | W-1-30 |
| 84 | W-1-8 |
| 92 | W-2-46 |
| 93 | W-2-79 |
| 94 | W-2-81 |
| 97 | W-1-52 |
| 106 | W-2-112 & 113 |

**Exhibit D-3**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Court No. 00-77 JMR/FLN
UNPAID BALANCE $450,801.87

Clarinda Color, LLC,

Creditor,

DATE OF JUDGMENT: May 2, 2001

BW Acquisition Corporation, Beowulf, Ltd.
and Brian Nelson,

Debtor,

**GARNISHMENT SUMMONS**

v.

Wulf Managment Corporation, Mark Nelson
and Great Graphx.Com, Inc.,

Judgment Debtor,

and

Stearns Bank, N.A.,

Garnishee.

**THE STATE OF MINNESOTA**
**TO THE GARNISHEE NAMED ABOVE:**

You are hereby summoned and required to serve upon the creditor's attorney (or the creditor if not represented by an attorney) and on the debtor within 20 days after service of this garnishment summons upon you, a written disclosure, of the indebtedness, money, or other property that you owe to the debtor and answers to all written interrogatories that are served with the garnishment summons. However, if the garnishment is on earnings and the debtor has garnishable earnings, you shall serve the completed disclosure form on the creditor's attorney, or the creditor if not represented by an attorney, within ten days of the last payday to occur within the 70 days after the date of the service of this garnishment summons. "Payday" means the day which you pay earnings in the ordinary course of business. If the debtor has no regular paydays, "Payday" means the 15th day and the last day of each month.

Your disclosure need not exceed 110 percent of the amount of the creditor's claim that remains unpaid.

You shall retain garnishable earnings, other indebtedness, money, or other property in your possession in an amount not to exceed 110 percent of the creditor's claim until such time as the creditor causes a writ of execution to be served upon you, until the debtor authorizes you in writing to release the property to the creditor, or until the expiration of 180 days from the date of service of this garnishment summons upon you, at which time you shall return the disposable earnings, other indebtedness, money, or

EXHIBIT
E

other property to the debtor.

EARNINGS

In the event you are summoned as a garnishee because you owe "earnings" (as defined on the Earnings Garnishment Disclosure form attached to this Garnishment Summons, if applicable) to the debtor, then you are required to serve upon the creditor's attorney, or the creditor if not represented by an attorney, a written earnings disclosure form within the time limit set forth above.

In the case of earnings you are further required to retain in your possession all unpaid nonexempt disposable earnings owed or to be owed by you and earned or to be earned to the debtor within the pay period in which this garnishment summons is served and within all subsequent pay periods whose paydays (defined above) occur within the 70 days after the date of service of this garnishment summons.

Any assignment of earnings made by the debtor to any party within ten days before the receipt of the first garnishment on a debt is void. Any indebtedness to you incurred by the debtor within the ten days before the receipt of the first garnishment on a debt may not be set off against amounts otherwise subject to the garnishment.

Your are prohibited by law from discharging or disciplining the debtor because the debtor's earnings have been subject to garnishment.

This Garnishment Summons includes:
____ Earnings garnishment
(see attached Earnings Disclosure Form)
_X_ Nonearnings garnishment
(see attached Nonearnings Disclosure Form)
____ Both Earnings and Nonearnings garnishment
(see both attached Earnings and Nonearnings Disclosure Form)

NOTICE TO DEBTOR

A Garnishment Summons, Earnings Garnishment Disclosure form, Nonwage Garnishment Disclosure form, Garnishment Exemption Notices and/or written Interrogatories, copies of which are hereby served on you, were served upon the Garnishee by delivering copies to the Garnishee. The Garnishee was paid $15.

DATED: July 16, 2004

THE GURSTEL LAW FIRM, P.A.

By: ______________________
Todd L. Gurstel (#185619)
Attorneys for Judgment Creditor
401 North 3rd Street, Suite 590
Minneapolis, Minnesota 55401
Telephone: (612) 664-8200

Our File: 3601-02T

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Clarinda Color, LLC,

Plaintiff,

Civil Action No. 00-CV-722 JMR/FLN

v.

BW Acquisition Corporation
Beowulf LTD., and Brian Nelson,

Defendants.

**ORDER**

v.

Wulf Management Corporation
Mark Nelson and Great
Graphx.com, Inc.

Third-Party Respondents.

THIS MATTER, came before the Court on the motion of the Respondents, Great Graphx.com and Mark Nelson and the Court having reviewed the pleadings herein and the arguments of counsel, the Court's Orders of June 14, 2004 and its Order of July 9, 2004 are hereby amended to clarify the rights and obligations of the parties, and IT IS ORDERED THAT:

1. Paragraph 9 of the Summary Judgment Order dated June 14, 2004 is amended to specify that GreatGraphx and any subsequent transferee are immediately ordered to cease using the assets and to disgorge the assets received from Wulf, or the proceeds from the sale or transfer of any such assets, to Plaintiff;

2. Paragraphs 6 and 9 of the Summary Judgment Order dated June 14, 2004 do not

authorize the Plaintiff to execute upon any other property of GreatGraphx or Mark Nelson other than assets which this Court has determined were fraudulently transferred, or the proceeds thereof; and

3. That Plaintiff defer any further collection activities against the Respondents pursuant to the Orders of this Court until it has disposed of the assets it has seized to date in a commercially reasonable manner and rendered an accounting to all parties in this matter.

Dated _________, 2004

_____________________________
James M. Rosenbaum
United States District Court Judge