**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | |
|---|---|
| **CLARINDA COLOR LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil No. 00-722 JMR/FLN** |
| ) | |
| **BW ACQUISITION CORPORATION, BEOWULF LTD. and BRIAN NELSON,** ) | **Honorable James Rosenbaum Chief U.S. District Judge** |
| ) | **Honorable Franklin Noel Magistrate Judge** |
| **Defendants,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **WULF MANAGEMENT CORPORATION, MARK NELSON, and GREAT GRAPHX.COM, INC.,** ) | |
| ) | |
| **Third-Party Respondents.** ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION OF GREAT GRAPHX.COM, INC. AND MARK NELSON FOR RELIEF FROM JUDGMENT AND FOR STAY**

NOW COMES Plaintiff Clarinda Color, LLC ("Clarinda"), by and through its attorneys, Freeborn & Peters LLP, admitted *pro hac vice*, and in support of its memorandum in opposition to the motion (the "Motion for Relief") of Great Graphx.com ("Great Graphx") and Mark Nelson (collectively, with Great Graphx, the "Respondents") for relief from judgment and for stay, states as follows:

## BACKGROUND

One thing can be said for Respondents: they do not give up. While persistence may often be thought of as a virtue, it is more of a vice in the case of the Respondents. The Motion for Relief is yet another in a long line of contrivances employed by the Respondents in an effort to

SCANNED
SEP 13 2004
U.S. DISTRICT COURT MPLS

muddle the issues, distort the facts, impinge on Clarinda's rights, and delay Respondents' inevitable accounting for the fraud that they helped perpetrate on Clarinda.

As the Court is aware, on February 24, 2003, Clarinda filed its Amended Petition to Avoid Fraudulent Transfers and Enforce Constructive Trust (the "Amended Petition") against the above-captioned defendants and third-party respondents. On October 3, 2003, Clarinda filed its Motion for Summary Judgment and related papers in support of its Amended Petition. On June 15, 2004, the Court entered an order (the "First Order") granting in part and denying in part Clarinda's Motion for Summary Judgment. On June 16, 2004, the Court entered judgment (the "Judgment") based on the First Order. On July 13, 2004, the Court entered an order (the "Second Order") clarifying the First Order and divesting third-party respondent Wulf Management Corp. ("Wulf") and Great Graphx of legal title to certain pre-press equipment fraudulently transferred to them by defendant BW Acquisition Corporation ("BWAC").

Since the entry of these orders, Clarinda has engaged in proceedings to recover the fraudulently transferred assets or their equivalents in cash. Clarinda obtained a Writ of Execution and has seized certain assets from the possession of Great Graphx pursuant to the Judgment and under the authority and supervision of the United States Marshals Service. Clarinda's recovery efforts are described in greater detail in the Affidavit of Svetlana Denekamp (the "Denekamp Affidavit") filed contemporaneously herewith. Importantly, Clarinda was careful to work well within what it believed to be the scope of the Court's orders and seized only a pre-identified collection of personal property.

On or about August 12, 2004 and/or August 13, 2004, Respondents filed their Motion for Relief, Memorandum of Law in Support of Motion for Relief and For Stay (the "Memorandum of Law") and an Affidavit of Mark Nelson (the "Nelson Affidavit"), requesting that the Court

resolve alleged "discrepancies" in its orders by "limiting [Clarinda's] collection remedies to those in directly [sic] pursuit of the fraudulently transferred assets or the proceeds there from and that the Court find that Respondents have fully complied with the Court Orders." Memorandum of Law at 10.

## ARGUMENT

Respondents' request to limit Clarinda's collection remedies is wholly unwarranted, and their request for a finding that they have fully complied with the Court's orders is seriously laughable. The fact is that Clarinda was cheated, and Respondents are to blame, along with the other defendants and third-party respondents. Further, Respondents continue to disregard the Court's authority by refusing to file their corporate books and records with the Court, as required by the First Order. First Order at 13, ¶ 11.

A careful reading of the Motion for Relief, the Memorandum of Law, and the Nelson Affidavit reveals that the Respondents' only allegation of misconduct against Clarinda involves its garnishing Great Graphx's bank account. The allegation that the garnishment is in any way improper is ridiculous in light of the Court's clear authorization for Clarinda to pursue the "equivalent value in cash" of the fraudulently transferred assets. First Order at 12-13, ¶¶ 6, 9. About four years ago, BWAC fraudulently transferred to Wulf "substantially all" of its assets, valued at over $1.6 million. *See* First Order at 2. Great Graphx was subsequently formed using Wulf's assets. Nonetheless, and in spite of extensive efforts, Clarinda has thus far been unable to locate property with any appreciable value. *See* Denekamp Affidavit. Accordingly, somewhere during the transition from BWAC to Wulf to Great Graphx, nearly the entire $1.6 million portfolio of assets disappeared. So, Clarinda has been forced to seek "their equivalent value in

cash," as explicitly permitted by the First Order. This is the reason and the justification for Clarinda's garnishing Great Graphx's accounts at Stearns Bank.

Respondents' submissions suffer from several infirmities in addition to their erroneous allegation of misconduct against Clarinda. First, Respondents' Memorandum of Law establishes that relief from judgment under Federal Rule of Civil Procedure 60(b) is an extraordinary remedy "which may be granted only upon a showing of exceptional circumstances." Memorandum of Law at 5. Respondents fail to establish, however, how they are entitled to this extraordinary relief.[1]

Second, the Court's clear orders need no clarification, contrary to Respondents' suggestions. The First Order and the Second Order clearly set forth Clarinda's right to recover the fraudulently transferred assets or their equivalent value in cash. Moreover, Clarinda has made every effort to comply with the Court's mandate in its recovery of the fraudulently transferred assets.

Third, Respondents have been unable to proffer a convincing justification for the unprecedented degree of monitoring that they request the Court to exert over these proceedings. Without any indication that Clarinda has committed any offense, Respondents ask the Court to institute a draconian reporting policy for Clarinda, subjecting Clarinda to "a periodic stay of such procedures to render an accounting to the Respondents and the Court of what it has seized and the commercial reasonableness of its disposition of such assets." Memorandum of Law at 9. Such a request might be reasonable if there were any indication that Clarinda had blatantly violated acceptable standards, but there is no such indication here. Quite the opposite, Clarinda

---

[1] Respondents have been represented by counsel continuously throughout these proceedings. Attorney Michael B. Chase represented Respondents prior to the substitution of their present counsel. Mr. Chase had an opportunity to, and in fact did, participate in the proceedings leading up to the Court's Judgment.

has gone to great lengths to conduct its recovery efforts in a fair and reasonable manner. Additionally, Respondents' citation to the Uniform Commerical Code's "commercial reasonableness" standard (Memorandum of Law at 8) is completely misplaced because the UCC is utterly inapplicable to this post-judgment proceeding to avoid fraudulent transfers.

Finally, Clarinda has no objection to Respondents' request to stay Clarinda's recovery of the Judgment, provided that Respondents post a bond in the amount of Clarinda's judgment. As Respondents note, Federal Rule of Civil Procedure 62(b) provides that a court, in its discretion, may stay the execution of a judgment pending the disposition of a motion for relief from judgment "on such conditions for the security of the adverse party as are proper." Fed. R. Civ. P. 62(b). Accordingly, Respondents must post a bond to secure Clarinda's interest in the fraudulently transferred assets. Without such a bond, Clarinda's interest would not be adequately protected and a stay should not issue.

It is worth mentioning that ACRO Business Finance Corp. ("ACRO"), which claims a security interest in some of the assets which Clarinda seeks to liquidate, has been curiously silent during Clarinda's recovery efforts. Despite ACRO's threatening letters to Clarinda and its desperate letters to the Court in the days leading up to the Court's entry of the First Order and the Second Order, ACRO has yet to assert any rights to these assets in a formal proceeding before the Court. If it is ACRO's intent to go forward with its threats, its time is running out.

Respondents must not be permitted to benefit from the fraud that they helped to carry out against Clarinda. If Respondents are not held accountable for the fraudulently transferred assets or their equivalent value in cash, then they and the other defendants will be rewarded for dragging this case out for more than four years, for allowing the assets to depreciate, and even

for apparently losing some collateral. The Court should recognize the Motion for Relief for the farce that it is, and promptly deny the requested relief.

**WHEREFORE**, Plaintiff Clarinda Color, LLC prays that this Court deny Respondents' Motion for Relief, and provide any additional relief that the Court deems just and equitable.

Respectfully submitted,
**CLARINDA COLOR LLC**

By: ______________________
One of its Attorneys

Admitted *pro hac vice:*
Neal H. Levin, Esq. (#6203156)
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606-6677
(312) 360-6530

Local counsel:
Todd L. Gurstel, Esq. (#185619)
The Gurstel Law Firm, P.A.
401 N. Third Street, Suite 590
Minneapolis, Minnesota 55401
(612) 664-8200

#630374

**THE GURSTEL LAW FIRM, P.A.**
*A PROFESSIONAL CORPORATION*
*Suite 590*
*401 North Third Street*
*Minneapolis, Minnesota 55401*
*Attorneys at Law*

*e-mail: gurstel@gurstel.com*
*www.gurstel.com*

*Telephone:(612) 664-8200*
*Facsimile: (612) 664-8222*

*Todd L. Gurstel*
*Heidi L. Staloch*
*Jennifer Berquist*
*Svetlana Denekamp*
*Simone Suri*
*Keith Sjostrom*

RECEIVED
04 SEP 10 PM 2:17
CLE... MINNEAPOLIS...

September 10, 2004

UNITED STATES FEDERAL DISTRICT COURT
CLERK OF THE COURT
U.S. COURTHOUSE ROOM 202
300 SOUTH FOURTH STREET
MINNEAPOLIS, MN 55415

RE: Clarinda Color LLC v. BW Acquisition Corporation, et al vs.
Court File: Civil No. 00-722 JMR/FLN

Dear Sir/Madam:

Enclosed for filing please find a copy of **Plaintiff's Memorandum in Opposition to the Motion of Great Graphx.Com, Inc. and Mark Nelson for Relief from Judgment and for Stay** and the **Affidavit of Svetlana Denekamp** in both electronic and paper form.

**Please feel free to contact Svetlana at 612-843-1089 with any questions or comments that you may have.**

Thank you for your time and attention in this matter.

Very truly yours,

THE GURSTEL LAW FIRM, P.A.

Svetlana N. Denekamp

SND:cls

Enclosures