**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| **CLARINDA COLOR LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 00-722 JMR/FLN** |
| **BWAC, BEOWULF LTD., and BRIAN NELSON,** | ) | **Honorable James Rosenbaum Chief U.S. District Judge** |
| **Defendants,** | ) | **Honorable Franklin Noel Magistrate Judge** |
| **v.** | ) | |
| **WULF MANAGEMENT CORPORATION, MARK NELSON, and GREAT GRAPHX.COM, INC.,** | ) | |
| **Third-Party Respondents.** | ) | |

**PLAINTIFF'S MOTION TO RE-EXAMINE BRIAN NELSON AND MARK NELSON IN AID OF ENFORCEMENT OF ITS JUDGMENTS AND FOR OTHER RELIEF**

NOW COMES Plaintiff Clarinda Color, LLC ("Clarinda"), by and through its attorneys, Neal H. Levin of Freeborn & Peters, LLP, admitted *pro hac vice*, and pursuant to Rules 30(a)(2) and 69(a) of the Federal Rules of Civil Procedure and Rule 69 of the Minnesota Rules of Civil Procedure, for its Motion to Re-Examine Brian Nelson and Mark Nelson in Aid of Enforcement of its Judgments, states as follows:

1. On May 21, 2001, a jury verdict was rendered in favor of Clarinda against Defendant BW Acquisition Corporation ("BWAC") in this matter in the amount of $401,872.82 ("Judgment No. 1").

2. On August 14, 2001, Clarinda issued BWAC an Amended Notice of Asset Deposition seeking to depose the person(s) most knowledgeable about the assets of BWAC. Clarinda also issued BWAC a request for production of documents pertaining to the assets of BWAC.

SCANNED
NOV 9 2004
U.S. DISTRICT COURT MPLS

3. On August 28, 2001, Clarinda, through its former counsel, deposed Brian Nelson ("Brian"), the president, director and sole shareholder of BWAC, regarding the status of its assets (said deposition hereinafter, the "2001 Deposition of Brian").

4. On November 4, 2002, Clarinda filed a Motion to Re-Examine Brian Nelson by way of Oral Deposition In Aid of Execution on the grounds that during the 2001 Deposition of Brian, Brian failed to produce certain documents as requested and that Clarinda was likely to obtain additional information that was not obtainable in the first deposition regarding BWAC's assets and the transfer of them to Wulf Management Corporation ("Wulf").

5. Said Motion was granted on November 25, 2002 and on December 30, 2002, Clarinda took the deposition of Brian (said deposition hereinafter, the "2002 Deposition of Brian").

6. On December 30, 2002, Clarinda also deposed Brian Nelson's brother, Mark Nelson ("Mark"), as past Chief Operating Officer of Wulf, regarding the creation of Great Graphx.com Inc. ("Great Graphx"), of which he is the sole owner.

7. Based on the testimony of Brian and Mark at their 2002 depositions, Clarinda filed an Amended Petition to Avoid Fraudulent Transfers and Enforce Constructive Trust, and thereafter a Motion for Summary Judgment, which this Court subsequently granted pursuant to its June 14, 2004 Order ("Order").

8. Therein, the Court found that BWAC had fraudulently transferred its assets to Wulf, entered judgment against Wulf in the amount of $401,872.82, and ordered Wulf to immediately disgorge the transferred assets from BWAC or their cash equivalent value to the extent necessary to satisfy Judgment No. 1. See ***Order***, pp. 12-13.

9. The Court also imposed a constructive trust in favor of Clarinda on the assets of Wulf, wherever located, up to the value of Judgment No. 1 until satisfied. See ***Order***, p. 13.

10. Additionally, the Court found that the subsequent transfer of those assets to GreatGraphx was void and ordered GreatGraphx as well as any subsequent transferees to immediately cease using and disgorge the assets transferred from Wulf or their cash equivalent in order to satisfy Judgement No. 1. See ***Order***, p. 4, 11 and 13.

11. The holdings contained in the Court's Order were memorialized in a Judgment dated June 16, 2004 ("Judgment No. 2") (Judgment Nos. 1 and 2, hereinafter the "Judgments").

12. Clarinda hereby seeks leave to re-examine both Brian and Mark to aid in enforcement of the Judgments.[1]

13. A significant amount of time, over three years, has passed since the entry of Judgment No. 1 against BWAC and the judgment against it still remains unsatisfied.

14. Additionally, almost two years has passed since Clarinda last examined Brian. A re-examination of Brian, as BWAC and Wulf's president, director and sole shareholder, is likely to provide additional information as to the whereabouts of assets that was not obtainable previously, especially in light of the ongoing transfer of BWAC and Wulf's assets which have been taking place. *See* ***Collins v. International Dairy Queen,*** 189 F.R.D. 496, 498 (M.D. GA 1999) (finding that, because of time elapsed, the addition of new claims and the evident knowledge of the witness regarding particular areas, a re-examination of the witness is likely to provide additional information not obtainable previously).

15. Additionally, the re-examination of Mark is necessary in his capacity as Wulf's former CEO, BWAC's former vice-president, and GreatGraphx's owner and president due to the lapse of time which has passed and the likelihood of a re-examination providing information as to the whereabouts of assets necessary to satisfy the Judgments.

16. Further, due to Judgment No. 2 and its holdings having been entered against Wulf and GreatGraphx since the examinations of Brian and Mark, Clarinda is entitled to take Wulf and Great Graphx's depositions as judgment debtors through Brian and Mark in order to inquire into the assets necessary to satisfy Judgment No. 2. See ***Rule 69(a) of the Federal Rules of Civil Procedure; Rule 69 of the Minnesota Rules of Civil Procedure;*** and ***Credit Lyonnais v. SGC International, Inc.,*** 160 F.3d 428, 430 (8th Cir. 1998).

---

[1] Arguably, Clarinda need not even seek leave of Court to re-examine Brian and Mark based on the new judgment and the authority granted in Rule 69(a) of the Federal Rules of Civil Procedure and Rule 69 of the Minnesota Rules of Civil Procedure pertaining to post-judgment discovery.

17. Clarinda's request to re-examine Brian and Mark as representatives of BWAC, Wulf and GreatGraphx is reasonable and necessary as it seeks to ascertain the status of assets in order to enforce its Judgments.

18. The rules regarding depositions and discovery must be given broad and liberal treatment. Moreover, judgment-creditors are entitled to very thorough examinations of judgment-debtors as well as full post-judgment discovery to aid in the execution of judgment. ***Credit Lyonnais,*** 160 F.3d at 430.

19. The re-examinations of Brian and Mark and the issuance of additional requests to produce documents is not unduly burdensome or expensive and will not prejudice BWAC, Wulf or GreatGraphx. ***SEC v. Long,*** 130 F.R.D. 678, 679 (D.Kan. 1990); ***Christy v. PA Turnpike Comm'n,*** 160 F.R.D. 51, 53, (E.D. PA 1995).

20. Additionally, Clarinda seeks documents related to Brian's personal assets as well as the transfer of assets from BWAC, Wulf and GreatGraphx to Brian based upon his close relationship to those entities and Mark, and the Court should allow the discovery of those documents. See ***Credit Lyonnais,*** 160 F.3d at 431 ("the presumption should be in favor of full discovery of any matters arguably related to [the judgment-creditor's] efforts to trace the [judgment debtor-corporation's] assets and otherwise to enforce its judgment. Matters relating to the [judgment debtor-corporation's sole officer, director and shareholder's] personal finances seem…to be proper subjects of discovery.")

21. Clarinda also reasonably seeks documents related to Mark's personal assets as well as the transfer of assets from BWAC, Wulf and GreatGraphx to Mark based upon his close relationship to those entities and Mark. See ***Id.***

22. The re-examinations of and production of documents by Brian and Mark requested herein are especially necessary due to the failure of BWAC, Wulf and GreatGraphx to obey the Court's June 2004 Order and Judgment No. 2 requiring them to file their corporate records and books with the Court forthwith. *See* ***Order***, p.13 and ***Judgment No. 2***.

23. A rule should against BWAC, Wulf and GreatGraphx requiring them to show cause as to why they should not be held in contempt of Court for their failure to abide by this Court's Order and Judgment No. 2.

24. Justice requires the Court to enter an order allowing Clarinda to issue the attached Notices of Deposition and Riders.

WHEREFORE, Clarinda respectfully prays that this Honorable Court enter an order as follows:

(a) allowing it to re-examine Brian Nelson and Mark Nelson on November 29, 2004 at 10:00 a.m. and 2:00 p.m., respectively, and issue the attached Notice of Deposition;

(b) allowing it to issue the additional requests to produce attached in the Rider to the Notice of Deposition;

(c) ordering Brian Nelson and Mark Nelson to comply with the attached Notices of Deposition and Riders;

(d) issuing a rule against BWAC, Wulf and GreatGraphx requiring them to show cause why they should not be held in contempt of Court for their failure to abide by its Order and Judgment No. 2; and

(e) for such other and further relief this Court deems just and equitable.

CLARINDA COLOR LLC,

By: */e/ Todd L. Gurstel*___
One of its Attorneys

Admitted *pro hac vice:*
Neal H. Levin, Esq.
Freeborn and Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312)360-6000
IL Attorney No. 6203156

Local Counsel:
Todd L. Gurstel, Esq.
The Gurstel Law Firm, P.A.
401 North Third Street, Suite 590
Minneapolis, Minnesota 55401
(612)664-8200

THE GURSTEL LAW FIRM, P.A.
*A PROFESSIONAL CORPORATION*
*401 North Third Street*
*Suite 590*
*Minneapolis, Minnesota 55401-5009*
*Attorneys at Law*

*Todd L. Gurstel*
*Heidi L. Staloch*
*Jennifer Berquist*
*Simone Suri*
*Svetlana Denekamp*
*Michael Etmund*

*e-mail: gurstel@gurstel.com*
*www.gurstel.com*

*Telephone:(612) 664-8200*
*Facsimile: (612) 664-8222*

November 8, 2004

U.S. District Court
300 South Fourth Street
Minneapolis, Minnesota 55415

Hand Delivered

RECEIVED
04 NOV -8 PM 4:57
CLERK U.S. DIST. COURT
MINNEAPOLIS

Re: Clarinda Color, LLC, Plaintiff, v. BWAC Beowulf, Ltd. and Brian Nelson, Defendants. v. Wulf Management Corporation, Mark Nelson, and Great Graphx.Com, Inc.
Our file: 3601-02t
Court file: 00-722 JMR/FLN

Dear Sir/Madam:

Enclosed for filing, please find Plaintiff's Motion to Re-Examine Brain Nelson and Mark Nelson in Aid of Enforcement of its Judgments and for other Relief, Notice of Deposition of Brian Nelson and Mark Nelson, Schedule A To Notice of Deposition of Brain and Mark Nelson, and Proposed Order, along with diskette.

JMR
US

Thank you for your consideration to this matter.

Very truly yours,

THE GURSTEL LAW FIRM, P.A.

Jennifer M. Berquist

JMB:aah

Enclosures