UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Court File No: 0:00-cv-722

Clarinda Color LLC,

Plaintiff,

v.

BW Acquisition Corporation,
Beowulf Ltd., and Brian Nelson,

Defendants.

v.

Wulf Management
Corporation, Mark Nelson
And GreatGraphx.Com, Inc.

Third-Party Respondents.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW FROM REPRESENTATION OF DEFENDANTS AND THIRD-PARTY RESPONDENTS**

Pursuant to Local Rule 83.7 Michael B. Chase asks that he be permitted to withdraw as counsel for Defendants BW Acquisition Corporation and Brian Nelson, and Third-Party Respondents Wulf Management Corporation. The reasons for withdrawal are twofold: 1) Defendants have not paid for services in a timely manner as required by the retainer agreement, and 2) a conflict of interest has arisen which makes the continued representation inappropriate.

Defendants consent to the withdrawal. Individual claims against Brian Nelson have been dismissed and judgment has already been entered against the other Defendants so no prejudice would result to any party or the Court by reason of counsel's withdrawal. Accordingly, Michael B. Chase respectfully requests that his

PDF created with pdfFactory trial version www.pdffactory.com

motion be granted.

As the affidavit of Michael B. Chase attests, Defendants have repeatedly failed to make payments due under the legal retainer agreement. Local Rule 83.7 (c) provides that an attorney may withdraw from representation of a party in an action pending before this Court for good cause. Minnesota's Rules of Professional Conduct provide that "good cause" includes the client's failure to make payment required by the contract creating the attorney-client relationship. Minn. R. Prof. Cond. 1.16 (b). The relationship between attorneys and their clients is contractual, so that the client's failure to make payments as required by an agreement constitutes "substantial failure to fulfill an obligation to the lawyer". Cherokee Nation of Oklahoma v. United States, 42 Fed. Cl. 15, 17 (U.S.C. of Fed. Cl. 1998).

Withdrawal is also necessary because of a conflict of interest. Rule 1.7 of the Minnesota Rules of Professional Conduct states that a lawyer shall not represent a client when representation of that client may be materially limited by the lawyer's own interest. Plaintiffs are now seeking to discover information about Brian Nelson and Wulf Management's assets which counsel also has an interest in knowing because of his claim against Nelson and Wulf Management for attorney's fees. As a result, withdrawal is appropriate.

**CONCLUSION**

For the foregoing reasons and because withdrawal will not prejudice the parties or the Court, Michael B. Chase respectfully requests the Court to grant his motion to withdraw.



PDF created with pdfFactory trial version www.pdffactory.com

Dated: November 16, 2004

s/Michael B. Chase
Michael B. Chase, Bar Number 134120
Attorney for Defendants
And Third-Party Respondents
2102 U.S. Bank Center
101 East Fifth Street
St. Paul, MN 55101
Telephone: (651) 225-8656
Fax: (651) 225-8709



PDF created with pdfFactory trial version www.pdffactory.com