**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| **CLARINDA COLOR LLC,**<br><br>**Plaintiff,**<br>**v.**<br><br>**BWAC, BEOWULF LTD., and BRIAN NELSON,**<br><br>**Defendants,**<br>**v.**<br><br>**WULF MANAGEMENT CORPORATION, MARK NELSON, and GREAT GRAPHX.COM, INC.,**<br><br>**Third-Party Respondents.** | ) | **Civil No. 00-722 JMR/FLN**<br><br>**Honorable James Rosenbaum**<br>**Chief U.S. District Judge**<br><br>**Honorable Franklin Noel**<br>**Magistrate Judge** |

**PLAINTIFF'S JOINT REPLY TO MARK NELSON AND GREAT GRAPHX.COM, INC.'S, AND BW ACQUISITION CORPORATION, BRIAN NELSON AND WULF MANAGEMENT CORPORATION'S, MEMORANDA OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO RE-EXAMINE BRIAN NELSON AND MARK NELSON IN AID OF ENFORCEMENT OF ITS JUDGMENTS AND FOR OTHER RELIEF**

NOW COMES Plaintiff Clarinda Color, LLC ("Clarinda"), by and through its attorneys, Neal H. Levin of Freeborn & Peters, LLP, admitted *pro hac vice*, and for its Reply to Mark Nelson and Great Graphx.com, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion to Re-Examine Brian Nelson and Mark Nelson in Aid of Enforcement of its Judgments, and BW Acquisition Corporation, Brian Nelson, and Wulf Management Corporation's Memorandum of Law in Opposition to Plaintiff's Motion to Re-Examine Brian Nelson and Mark Nelson in Aid of Enforcement of its Judgments (both memoranda hereinafter collectively, the "Memoranda"), states as follows:

1. In their Memoranda, Mark Nelson ("Mark"), Great Graphx.com, Inc. ("Great Graphx"), BW Acquisition Corporation ("BWAC"), Brian Nelson ("Brian"), and Wulf Management Corporation ("Wulf") (hereinafter, collectively, the "Respondents") attempt to limit the scope of the discovery which Clarinda Color, LLC ("Clarinda") seeks in its Motion to Re-

SCANNED
NOV 22 2004
U.S. DISTRICT COURT MPLS

Examine Brian Nelson and Mark Nelson in Aid of Enforcement of its Judgments ("Motion") by stating that the request for documents regarding the personal assets of Mark and Brian is "far over-reaching, unreasonable, and is not even in line with ***Credit Lyonnais v. SGC International, Inc.*** 160 F.3d 428 (8th Cir. 1998)...." ***Memorandum***, p. 2. Respondents, however, fail to point to any case law to support its assertions that the requests are over-reaching and unreasonable. Instead, Respondents simply cite to cases regarding the general scope of discovery, not involving post-judgment discovery, for the proposition that parties should not be able obtain irrelevant information outside the issues of the case and go on fishing expeditions. ***Archer Daniels Midland Company v. Aon Risk Services, Inc. of Minnesota,*** 187 F.R.D. 578 (D.Minn. 1999); ***Carlson Cos., Inc. v. Sperry & Hutchison Co.***, 374 F.Supp. 1080 (D.Minn. 1974); ***Blum v. Schlegel,*** 150 F.R.D. 38 (W.D.N.Y. 1993).[1]

2. Here, however, Clarinda is hardly seeking irrelevant information. Rather, it is seeking information which may likely be critical to the enforcement of its judgment. Fraudulent transfers have been taking place among entities which Mark and Brian have close, personal ties to, and in which they have financial stakes and are intimately involved. Clarinda has judgments against those entities and has every right to trace their assets in aid of enforcement of its judgments. Requesting information as to assets which may rightfully belong in the hands of Clarinda can hardly be deemed irrelevant or as a fishing expedition.

3. Respondents also unsuccessfully attempt to decipher the facts of the instant case with ***Credit Lyonnais***. The facts of ***Credit Lyonnais*** are strikingly similar to the facts herein. In both cases, a judgment was obtained against the entity in which the respondent was formerly an officer, director and shareholder. As in the instant case, no judgment was obtained in either case against the respondent, yet the Court reasoned that "the presumption should be in favor of full discovery of any matters arguably related to [the judgment-creditor's] efforts to trace the [judgment debtor-corporation's] assets and otherwise to enforce its judgment. Matters relating to

[1] The court will note that none of the Respondents object to the taking of the depositions of Mark or Brian Nelson. As stated in its motion, Plaintiff is of the opinion that leave of court may not even be needed for this purpose as Rule 69 would apply anew to the subsequent judgment order of the court in relation to Plaintiff's Petition to Avoid Fraudulent Transfer. Nonetheless, in an abundance of caution, and to preserve the integrity of the discovery process, Plaintiff has sought leave accordingly. Respondents' pleading and this reply, however, address only the breadth of the discovery and then, only as to the extent that inquiry and document production demand may be made as to the personal assets and financial affairs of the individual respondents.

the [judgment debtor-corporation's sole officer, director and shareholder's] personal finances seem...to be proper subjects of discovery.") 160 F.3d at 431. Here, too, based upon the relationship of the Respondents Mark and Brian to the judgment-debtors and the subsequent transferee, Great Graphx, the subjects of the discovery requests are quite proper.

4. Respondents further attempt to decipher the facts of ***Credit Lyonnais*** based upon the fact that the respondent therein had failed to respond to prior discovery requests. While the Court took this into consideration, it stated that the relationship between the judgment debtor and the respondent was "sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them" and found no indication that any of the subjects of the discovery requests fall outside the scope of the law. 160 F.3d at 431 (quoting ***Magnaleasing, Inc. v. Staten Island Mall,*** 76 F.R.D. 559, 562 (S.D.N.Y. 1977).

5. The only relevant fact distinguishing the case at hand with ***Credit Lyonnais*** is that this is not just any post-judgment matter; the judgment obtained by Clarinda on its Petition to Avoid Fraudulent Transfers in these post-judgment proceedings was based on the fraudulent activity of the Respondents in their effort to thwart recovery of assets by the judgment creditor. Accordingly, the Court should afford Clarinda more leeway in its discovery requests to insure that no further fraud is occurring which would prevent Clarinda from rightfully recovering its judgments.

6. Moreover, regardless of ***Credit Lyonnais***, it is essential that Clarinda be afforded the opportunity to examine Mark and Brian's personal financial information. The Court has entered judgment in favor of Clarinda and against BWAC and Wulf. Additionally, it found that Great Graphx was a subsequent transferee and ordered it to immediately to cease using and disgorge the assets received from Wulf. Mark is the President and sole shareholder of Great Graphx, the former CEO of Wulf, and the former Vice-President of BWAC. His brother, Brian, is the President, director and sole shareholder of BWAC and Wulf. In light of the close personal relationship that Mark and Brian have with all three of the entities as well as with each other, it is imperative that Clarinda be able to examine their personal financial information to determine what if any distributions and transfers Mark and Brian have received from BWAC, Beowulf, Wulf or Great Graphx. Additionally, Clarinda should also be entitled access to Mark and Brian's personal records as they relate to any loans granted to BWAC, Beowulf, Wulf or Great Graphx,

including any financial statements and/or guarantees submitted by Mark or Brian pertaining to any such loans.

7. For the foregoing reasons, Clarinda requests that the Respondents be ordered to fully comply with Clarinda's discovery requests. Otherwise, Clarinda fears that it may be prejudiced by not being able to locate assets to be used in the execution of the judgment.

8. Finally, in regards to the scheduling of Mark and Brian's depositions, Respondents, in their Memoranda, now request to postpone them to the week of December 20th. Clarinda objects to this request based on the obvious tomfoolery occurring by Respondents and their counsel. For instance, Mark Nelson and Great Graphx, through their counsel Paige Fitzgerald, upon being presented with Plaintiff's motion regarding these depositions, asked to set back the date of the depositions. Ms. Fitzgerald first faxed the undersigned a letter on November 12, 2004 indicating that her clients would not be responding to the motion, but simply wanted to reschedule the depositions for the week of December 13th, and that she would be contacting Brian's attorney in regards to scheduling a date for that week. A true and accurate copy of the letter is attached hereto as ***Exhibit A***. Later that day, representing that she had obtained the consent of Brian as well, Ms. Fitzgerald proposed December 13th for the new deposition date for both Brian and Mark and Plaintiff agreed. This agreement was memorialized in a subsequent e-mail correspondence sent to the undersigned. *See* the November 12, 2004 e-mail from Paige Fitzgerald to Neal Levin, a true and accurate copy of which is attached hereto as ***Exhibit B***. Accordingly, an agreed order was presented for execution along with an updated Notice of Deposition. Respondents have now, however, suddenly withdrawn their agreement in favor of filing the Memorandum opposing Clarinda's Motion. Such unprofessional behavior should not be awarded by the Court. Rather, the respondents should be held to their agreement and the Court should order the depositions to take place accordingly and require Brian and Mark to produce all requested discovery.

WHEREFORE, Clarinda respectfully prays that this Honorable Court enter an order granting the relief requested in its Motion to Re-Examine Brian Nelson and Mark Nelson in Aid of Enforcement of its Judgments.

CLARINDA COLOR, LLC

By: __/e/Todd Gurstel_
One of its Attorneys

Admitted *pro hac vice:*
Neal H. Levin, Esq.
Freeborn and Peters, LLP
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
(312)360-6000
IL Attorney No. 6203156

Local Counsel:
Todd L. Gurstel, Esq.
The Gurstel Law Firm, P.A.
401 North Third Street, Suite 590
Minneapolis, Minnesota 55401
(612)664-8200

# STEPHENSON & SANFORD, P.L.C.

ATTORNEYS AT LAW
1905 East Wayzata Boulevard, Suite 220
Wayzata, MN 55391
Telephone (952) 404-2100
Facsimile (952) 404-2111
www.stephenson-sanford.com

ATTORNEYS
Mark D. Stephenson
James A. Sanford *
Theresa A. Hodnett *
Paige M. Fitzgerald
Aaron M. Vande Linde

Of Counsel
Valdis A. Silins

* ADMITTED IN WISCONSIN

PARALEGALS
Rebecca A. Blake
Andrew J. Brueggeman
Christopher R. Herbers

November 12, 2004

Jennifer Berquist
401 North Third Street
Suite 590
Minneapolis, MN 55401

**VIA FAX NO. 612-664-8222**
**AND U.S. MAIL**

Neal H. Levin
311 South Wacker Drive
Suite 3000
Chicago, IL 60606

**VIA FAX NO. 312-360-6520**
**AND U.S. MAIL**

Todd Gurstel
401 North Third Street
Suite 590
Minneapolis, MN 55401

**VIA FAX NO. 612-664-8222**
**AND U.S. MAIL**

Dear Addressees:

As I discussed with Ms. Berquist on November 10, 2004, I am in receipt of your Motion to Re-examine Brain Nelson and Mark Nelson and the Notices of Deposition for November 29, 2004. I do not believe that we will respond to the Motion if all you are asking for is an order to re-examine them. However, the Nelson's are unavailable on November 29, 2004 and would like to reschedule for sometime during the week of December 13, 2004. I will be in contact with Brian Nelson's attorney to confirm whether he is available some time that week for the depositions so that we can conduct them at the same time.

I will be seeking leave of Court and filing an Application for Filing Documents Conventionally in order to file the corporate books and records of Great Graphix.com on the basis of the volume of the records. It should be noted that the corporate books and records have already been provided to you. As my client understood, this was acceptable to you and you would not seek a court order with regard to filing the records with the Court.

Please contact me to discuss this matter. I look forward to talking to you.

Sincerely,

P Z

Paige M. Fitzgerald
Cc: Mark Nelson (via fax)

EXHIBIT
tabbles
A

**Zeller, Sheila C.**

**From:** Paige Fitzgerald [PaigeF@Stephenson-Sanford.com]
**Sent:** Friday, November 12, 2004 3:21 PM
**To:** Levin, Neal H.
**Cc:** Paige Fitzgerald
**Subject:** Great Graphix.com

Dear Mr. Levin:

December 13, 2004 works for both Mark and Brian Nelson. Please forward new notices to that effect. Thank you for your consideration and cooperation. Please contact me if you have any questions.

Paige Fitzgerald
Stephenson & Sanford, P.L.C.
Suite 220
1905 East Wayzata Boulevard
Wayzata, MN 55391
phone: 952-404-2100
fax: 952-404-2111



EXHIBIT
tabbles
B

**THE GURSTEL LAW FIRM, P.A.**

*A PROFESSIONAL CORPORATION*

*401 North Third Street*
*Suite 590*
*Minneapolis, Minnesota 55401-5009*
*Attorneys at Law*

*Todd L. Gurstel*
*Heidi L. Staloch*
*Jennifer Berquist*
*Simone Suri*
*Svetlana Denekamp*
*Michael Etmund*

*e-mail: gurstel@gurstel.com*
*www.gurstel.com*

*Telephone:(612) 664-8200*
*Facsimile: (612) 664-8222*

November 19, 2004

U.S. District Court
300 South Fourth Street
Minneapolis, Minnesota 55415

*Hand Delivered*

RECEIVED
04 NOV 19 PM 4:55
CLERK, US DIST COURT
MINNEAPOLIS, MN

RE: CLARINDA COLOR vs. BW ACQUISITION
Our File: 3601-02T
Court File: 00-77 JMR/FLN

Dear Sir or Madam:

Enclosed for filing, please find Plaintiff's Joint Reply to Mark Nelson and Great Graphx.com, Inc.'s and BW Acquisition Corporation, Brian Nelson and Wulf Management Corporation's Memoranda of Law in Opposition to Plaintiff's Motion to Re-Examine Brian Nelson and Mark Nelson in Aid of Enforcement of its Judgments and for Other Relief and proposed Order, along with diskette.

Thank you for your consideration to this matter.

Very truly yours,

THE GURSTEL LAW FIRM, P.A.

Todd L. Gurstel

TLG:aah

Enclosures