**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | | |
|---|---|---|
| **CLARINDA COLOR LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 00-722 JMR/FLN** |
| | ) | |
| **BW ACQUISITION CORPORATION, BEOWULF LTD., and BRIAN NELSON,** | ) | **Honorable James Rosenbaum Chief U.S. District Judge** |
| | ) | |
| **Defendants,** | ) | **Honorable Franklin Noel** |
| **v.** | ) | **Magistrate Judge** |
| | ) | |
| **WULF MANAGEMENT CORPORATION, MARK NELSON, and GREAT GRAPHX.COM, INC.,** | ) | |
| | ) | |
| **Third-Party Respondents.** | ) | |

**MOTION FOR CONTEMPT AS TO BRIAN NELSON AND MARK NELSON**

NOW COMES Plaintiff, Clarinda Color, LLC ("Clarinda"), by and through its counsel, FREEBORN & PETERS LLP, and for its Motion for Contempt ("Motion") as to Brian Nelson ("Brian") and Mark Nelson ("Mark"), pursuant to this Court's inherent authority and Rule 69 of the Federal Rules of Civil Procedure, states as follows:

1. On May 2, 2001, a jury verdict was rendered herein in favor of Clarinda and against Defendant BWAC in the amount of $401,872.82 ("Judgment No. 1").

2. After Clarinda conducted post-judgment discovery and pleadings in aid and enforcement of Judgment No. 1, Clarinda filed a Motion for Summary Judgment as to its Amended Petition to Avoid Fraudulent Transfers and Enforce Constructive Trust ("Amended Petition"), which the Court granted pursuant to its June 14, 2004 Order (the "Order"). See pp.

12, ¶ 5 of the ***June 14, 2004 Order***, a true and correct copy of which is attached to the *Affidavit of Neal H. Levin* ("Affidavit"), filed contemporaneously herewith, as ***Exhibit A***.

3. Therein, the Court found that BW Acquisition Corporation ("BWAC") had fraudulently transferred its assets to Wulf Management Corporation ("Wulf"), entered judgment against Wulf in the amount of $401,872.82 ("Judgment No. 2"), and ordered Wulf to immediately disgorge the transferred assets from BWAC or their cash equivalent value (the "Fraudulently Transferred Assets") to the extent necessary to satisfy Judgment No. 1. See pp. 12-13 of ***Exhibit A,*** and Judgment No. 2, a true and correct copy of which is attached to the Affidavit as ***Exhibit B***.

4. The Court also divested Wulf and its subsequent transferee, Great Graphx.com, Inc. ("Great Graphx") of legal title to the Fraudulently Transferred Assets and imposed a constructive trust in favor of Clarinda on the Fraudulently Transferred Assets, wherever located, up to the value of Judgment No. 1 until satisfied. See the July 9, 2004 Order, attached to the Affidavit as ***Exhibit C.***

5. Additionally, the Court found that the subsequent transfers of those assets to Great Graphx or otherwise were void and ordered Great Graphx as well as any subsequent transferees to immediately cease using and disgorge the Fraudulently Transferred Assets or their cash equivalent in order to satisfy Judgment No. 1. See pp. 4, 11 and 13 of ***Exhibit A*** and ***Exhibit B***.

6. Furthermore and more importantly, the Court again enjoined the further transfer or use of the Fraudulently Transferred Assets. See p. 12, ¶ 6 of ***Exhibit A*** and ***Exhibit B.***

7. Pursuant to Judgment No. 2, Clarinda issued a writ of garnishment as to Great Graphx's Business Account at Stearns Bank on or about June 30, 2004 (the "Garnishment").

8. Clarinda also continued to conduct post-judgment discovery and took the depositions of Brian and Mark on January 28, 2005 with leave of Court (the "2005 Depositions"). See true and correct copies of the relevant portions of the transcripts of the 2005 Depositions of Mark and Brian, attached to the Affidavit as ***Exhibits D*** and ***E***, respectively.

9. During the deposition of Mark, Clarinda shockingly learned of yet another transfer of the Fraudulently Transferred Assets, despite Judgments No. 1 and 2 and the Court's enjoinder of any further transfers.

10. Mark testified that Great Graphx was no longer in business in light of the Seizure, and that after the Seizure, Mark had formed a new company named of Video Division Inc. ("Video Division") and opened a new business account at Stearns Bank (the "Video Division Account") to pay Great Graphx's business expenses. See pp. 44, 45 and 65 of ***Exhibit D.***

11. Mark and Brian both testified during the 2005 Depositions that Mark opened the Video Division Account and had transferred Great Graphx's assets thereto ***because Great Graphx's account was being attacked by Clarinda.*** See pp. 44-45 of ***Exhibit D*** and pp. 28-29 of ***Exhibit E.***

12. The Video Division Account was opened on July 28, 2004 with Great Graphx's very own funds, namely four checks made payable to Great Graphx in the total amount of $5,441.48 (the "Four Checks"). See Video Division's July 2004 bank statement and the Four Checks, true and correct copies of which are attached to the Affidavit as ***Exhibit H.***

13. The Four Checks belonging to Great Graphx would have and should have been deposited into Great Graphx's account, but were not inasmuch as Brian and Mark knew that Clarinda could then recover those funds pursuant to its Garnishment.

14. Additionally, the diversion of the funds constituted a violation of this Court's Order, and as such, for the reasons more fully set forth in the *Memorandum of Law in Support of the Motion for Contempt as to Brian Nelson and Mark Nelson* and the *Affidavit of Neal H. Levin*, filed contemporaneously herewith and incorporated herein, Mark and Brian should be held in contempt of this Court.

15. Furthermore, the Court should award Clarinda the amount of $5,441.48 to compensate Clarinda for the transfer, award sanctions to punish the Nelsons and deter the Nelsons and others similarly situated from committing this contemptuous conduct in the future, and also award it attorneys' fees and costs in investigating the transfer and bringing this Motion.

WHEREFORE, CLARINDA COLOR LLC respectfully requests that the Court enter an order as follows:

A. Granting this Motion in its entirety;

B. Holding Brian Nelson and Mark Nelson in civil contempt of this Court for violating its Order;

C. Entering judgment in the amount of $5,441.48 against Brian and Mark Nelson, jointly and severally;

D. Awarding sanctions to punish the Nelsons and deter the Nelsons and others similarly situated from committing this contemptuous conduct in the future;

E. Awarding Clarinda Color LLC the costs and fees incurred in investigating the transfer of assets from Great Graphx to Video Division and in bringing this Motion; and

F. For such other and further relief as this Court deems just and equitable.

Respectfully submitted,
**CLARINDA COLOR LLC**

By: ____/s/ Neal H. Levin_______
One of its Attorneys

Admitted *pro hac vice*:
Neal H. Levin, Esq. (IL #6203156)
Freeborn & Peters LLP
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606-6677
(312) 360-6530

Local counsel:
Todd L. Gurstel, Esq. (#185619)
The Gurstel Law Firm, P.A.
401 N. Third Street, Suite 590
Minneapolis, Minnesota 55401
(612) 664-8200

#802444