RECEIVED
APR 0 7 2005
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Clarinda Color, LLC,

Plaintiff,

Civil Action No. 00-CV-722 JMR/FLN

v.

BW Acquisition Corporation
Beowulf LTD., and Brian Nelson,
Defendants.

**Honorable James Rosenbaum**
**Chief U.S. District Judge**

v.

Wulf Management Corporation
Mark Nelson and Great
Graphx.com, Inc.

**Honorable Franklin Noel**
**Magistrate Judge**

Third-Party Respondents.

## RESPONSE TO MOTION FOR CONTEMT AS T0 BRIAN NELSON AND MARK NELSON

NOW COME DEFENDANTS, Mark Nelson and Brian Nelson, for their response to the MOTION FOR CONTEMT AS T0 BRIAN NELSON AND MARK NELSON being brought by Clarinda Color, LLC ("Clarinda-HFC"), states as follows:

1. Defendants agree with Plaintiff that a Jury Verdict was rendered herein in favor of Clarinda-HFC against Defendant BWAC, but not against Defendant Brian Nelson (Judgment # 1).

2. The Court issued an order on June 14, 2004.

3. Judgment No 2 was entered on June 16, 2004. Since before and after the issuance of the Court's Show Cause Order on July 9, 2004, Brian Nelson and Mark Nelson ("the Nelsons") have

SCANNED
APR 0 7 2005
U.S. DISTRICT COURT MPLS

made every effort to comply with the Court's Orders and they believe that they have fully and in good faith complied with the Court's Orders, the Writ obtained by the Plaintiff and the July 15, 2004, on-site instructions of U.S. Marshal Steven K. Swensen.

4. The Court's Order and the Show Cause Order directed the Defendants to turn over to the Plaintiff all of the business assets described on an appraisal list attachment to the Court's Summary Judgment Order (referred therein as the "Fraudulently Transferred Assets"). Brian Nelson and Mark Nelson, and WULF and GGX advised Plaintiff's counsel of their willingness to comply with such a turnover without a writ of attachment being executed. However, on or about July 15, 2004, Plaintiff had the U.S. Marshal execute a Writ of attachment for the "Fraudulently Transferred Assets", and at that time U.S. Marshall Steven Swenson, Plaintiff's counsel and a number of Plaintiff's agents (Plaintiffs agents were armed with loaded weapons), entered GGX's business premises at 9555 James Avenue South, Suite 218, Bloomington, Minnesota and removed all of the items on the Appraisal that the Nelson's or GGX had in their possession (4-5 tractor trailers were loaded and removed). Plaintiff was advised by Defendants that other items listed on the Appraisal were located at a storage facility located at 321 West 83rd Street, Bloomington, Minnesota (the "Warehouse"). WULF and GGX provided access to the U.S. Marshal, Plaintiff's counsel and Plaintiff's agents to the storage facility in order to allow them to remove the listed assets, and any other assets owned by WULF.

5. The Nelson's, WULF and GGX provided access to the U.S. Marshal, Plaintiff's counsel and Plaintiff's agents to the above noted storage facility in order to allow them to remove any listed assets, and any assets owned by WULF.

6. The Nelsons produced original copies of books and records for the Plaintiff, many of which have yet to be returned, and on or about July 16, 2004, Mark Nelson provided Plaintiff's

counsel a copy of GGX's books and records on a disk, and also paper copies thereof (as evidenced by Plaintiff Counsel's deposition Binders provided to the Nelsons. The records showed accounts receivable pledged to ACRO Business Finance (ACRO). All of the "Fraudulently Transferred Assets" were turned over to Plaintiff on or about July 15, 2004. The only transfer of "Fraudulently Transferred Assets" by The Nelson's was made to Clarinda-HFC in connection with the writ of Execution and the Courts Orders.

7. Plaintiff seized an undetermined amount of cash from the GGX bank account two weeks prior to the writ of execution. Defendants turned over all of the Assets in their possession which the Court ordered to be turned over, on or about July 15-19, 2004. On that date, Clarinda-HFC did not seize accounts receivable owned by Great Graphx, which were pledged to ACRO, apparently because they believed that they were not "Fraudulently Transferred Assets". Clearly Clarinda-HFC did not believe that said accounts receivable were subject to seizure, or they would have taken them.

8. No new information about "Fraudulently Transferred Assets" was discovered in the January 28, 2005, depositions. Defendants turned over all of the Assets in their possession which the Court ordered to be turned over, on or about July 15-19, 2004 On that date, Clarinda-HFC did not seize accounts receivable owned by Great Graphx, which were pledged to ACRO, apparently because they believed that they were not "Fraudulently Transferred Assets". Clearly Clarinda-HFC did not believe that said accounts receivable were subject to seizure, or they would have taken them.

9. The Nelson's and GGX did not transfer any of the "Fraudulently Transferred Assets". Defendants turned over all of the Assets in their possession which the Court ordered to be turned over, on or about July 15-19, 2004. However, once the Court Ruled on October 25, 2004, denying relief. GGX quit operations and the balance of all assets including the space the GGX leased was

seized by creditors of GGX, and the business was closed at year end. The Defendants are no longer in possession of any assets of BWAC, WULF, or GGX or Video Division (a division of GGX).

10. After the execution of the Writ of Restitution on July 15, 2004, GGX opened a new checking account for Video Division, its subsidiary. GGX hoped to continue to operate with its assets which were not part of the Courts "Fraudulently Transferred Assets". However, once the Court denied the request for relief on October 25, 2004, GGX informed other lenders that it would close and the remainder of its assets were seized. The Nelson's believed that none of the funds in the Video Division checking account were the proceeds of the "Fraudulently Transferred Assets", and they were pledged to ACRO and ACRO said GGX and Video Division could use the funds to pay GGX bills.

11. GGX was not being "attacked" by Clarinda-HFC at the time the Video Division account was opened, and it is more accurate to say that the Video Division account was opened to collect accounts receivable pledged to Accro and use them to pay bills. The Nelson's respectfully submit that they and GGX have in good faith complied with the Court's Orders as they were understood and explained by counsel to Defendants. All of the assets of Wulf which Affiant and GGX had in its possession had been surrendered to Plaintiff.

12. Video Division's account was opened on July 28, 2004, as a division of GGX. Certain amounts deposited were accounts receivable pledged to ACRO, which was apparently being respected by Clarinda-HFC, as they did not seize said accounts receivable.

13. The accounts receivable in question were apparently not subject to seizure because they were not seized by Clarinda-HFC in July of 2004.

14. The Nelson's have attempted to comply with the Court's orders and thought that they had as of July 15, 2004. The Defendants complied with the additional October 25, 2004, order by

ending all business operations and subsequently all remaining assets were seized by creditors.

15. This Court has previously ruled that The Nelson's individually have no personal liability for Judgment 1 or Judgment 2. This motion is an effort by Plaintiff to thwart the results of the Jury trial and the rulings of this Court. Plaintiff has commenced another case against the Nelson's and that is where the Nelson's believe this matter should be addressed. This case is closed and the Fraudulently Transferred Assets have been returned to Clarinda-HFC and all other assets of WULF were turned over to Clarinda-HFC on or about July 15, 2004.

(THE BALANCE OF THIS PAGE INTENTIONALY LEFT BLANK)

WHEREFORE, Brian Nelson and Mark Nelson pray that this honorable Court deny the MOTION FOR CONTEMPT AS TO BRIAN NELSON AND MARK NELSON and further that the Court act as follows:

a) Dismiss this action against Brian and Mark, jointly and severally, and

b) provide any additional relief that this Court deems just and equitable.

Respectfully submitted,

**Brian R. Nelson**

By: ______________________

Respectfully submitted,

**Mark L. Nelson**

By: ______________________

Pro se counsel:
Mark L. Nelson
PO Box 75515
St. Paul, MN 55175
(952) 461 5202

Pro se counsel:
Brian R. Nelson
2400 Bryant Avenue
South Minneapolis,
Minnesota 55405